UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ISAAC LEVIN,

                    Plaintiff,            **ORDER**
     -against-                          CV 16-6631 (JFB)(AYS)

JOHNSON & JOHNSON and JOHNSON &
JOHNSON CONSUMER COMPANIES, INC.,

                    Defendant.
---------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

Isaac Levin ("Levin" or "Plaintiff"), proceeding pro se, filed this action against Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc., (collectively "Johnson & Johnson" or "Defendants"), on November 30, 2016, alleging that Johnson and Johnson Baby Shampoo (the "product"), knowingly contained toxic chemicals which, after years of use, resulted in Plaintiff developing a tumor on the back of his head which required two surgeries to remove. Plaintiff's Complaint contains, inter alia claims of strict liability for failure to warn, breach of express and implied warranties, negligence and negligent misrepresentation.

Presently before this Court are Plaintiff's two motions to compel discovery from Defendants. See Docket Entry ("DE") [33], [35]. Specifically, Plaintiff moves to: (1) expand the number of interrogatories from twenty-five to fifty; (2) to amend the current discovery schedule;[1] and (3) to compel response to Plaintiff's interrogatories. For the reasons set forth below, Plaintiff's motions are GRANTED in part and DENIED in part.

---

[1] Plaintiff's motion to amend the discovery schedule included amending the deadline to move for leave to amend the Complaint. The District Court has since set a briefing schedule for that motion. See DE [41]. Therefore, this Order will not address Plaintiff's request to amend that specific deadline.

1

**DISCUSSION**

I.       Legal Standards

The scope of discovery is set forth in Rule 26 of the Federal Rules of Civil Procedure. That Rule has been amended, on several occasions, to reflect evolving judgments as to the proper scope of discovery. Over time, these amendments have been aimed at striking the proper balance between the need for evidence, and the avoidance of undue burden or expense.

In 1999, Rule 26(b)(1) stated that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Fed. R. Civ. P. 26(b)(1) (1999). In 2000, in an effort to curb over-discovery that took advantage of tying the term "subject matter" to the definition of the scope of discovery, Rule 26 was amended. See Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2000). That amendment required a party to show "good cause" before obtaining discovery that is "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).

Most recently, as of December 1, 2015, Rule 26 has again been amended. The December 2015 amendment to Rule 26 now defines the scope of discovery to consist of information that is relevant to the parties' "claims and defenses." Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

2

determining the action." Vaigasi v. Solow Mgmt. Corp., 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Further, "[t]he party seeking the discovery must make a prima facie showing, that the discovery sought is more than merely a fishing expedition." Evans v. Calise, 1994 WL 185696, at *1 (S.D.N.Y. 1994); see also Mandell v. The Maxon Co., Inc., 2007 WL 3022552, at *1 (S.D.N.Y. 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance." (citation omitted)); see also Surles v. Air France, 2001 WL 1142231, at *2 (S.D.N.Y. 2001) (refusing to permit discovery where defendant had no factual basis that requests would lead to relevant evidence). It is well-established that "[m]otions to compel are left to the court's sound discretion." Mirra v. Jordan, 2016 WL 889683, at *2 (S.D.N.Y. 2016); see also Liberty Mut. Ins. Co. v. Kohler Co., 2010 WL 1930270, at *2 (E.D.N.Y. 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

Thus, the discretionary authority to allow discovery of "any matter relevant to the subject matter involved in the action" has been eliminated. Additionally, the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant "to any party's claim or defense," also "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

While proportionality factors have now been incorporated into the Rule 26(b)(1) definition, those factors were already a part of Federal discovery standards, appearing in Rule 26(b)(2)(C)(iii). Those proportionality factors have now been restored to the place of their intended importance by their incorporation into the very definition of permissible discovery. See Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2015) (noting that amendment "restores the proportionality factors to their original place in defining the scope of discovery," and "reinforces

the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections").

The specific proportionality factors to be assessed when considering the scope of discovery are:

- The importance of the issues at stake in the litigation;
- The amount in controversy;
- The parties' relative access to relevant information;
- The parties' resources;
- The importance of discovery in resolving issues; and
- Whether the burden or expense of the discovery is outweighed by the benefit

Fed. R. Civ. P. 26(b).

Notably absent from the present Rule 26 is the all too familiar, but never correct, iteration of the permissible scope discovery as including all matter that is "reasonably calculated to lead to" the discovery of admissible evidence. This language was never intended to define the scope of discovery, but was intended only to make clear that the discovery is not limited by the concept of admissibility. Unfortunately, the "reasonably calculated" language has often been employed to refer to the actual scope of discovery. Clearing up this misinterpretation, the new Rule disposes of this language, ending the incorrect, but widely quoted, misinterpretation of the scope of discovery. The present definition of the scope of discovery continues to refer to admissibility, but only by stating that "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b).

Overarching the interpretation of Rule 26, and indeed all of the Federal Rules of Civil Procedure, is the standard referred to in Rule 1 thereof. That Rule, as amended in December of

2015, requires that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. " Fed. R. Civ. P. 1 (emphasis added). See Comment to 2015 Amendment to Rule 1 (noting that "the parties share the responsibility" to employ the rules consistently with the standards of Rule 1, and that "[e]ffective advocacy is consistent with -- and indeed depends upon -- cooperative and proportional use of procedure") (emphasis added).

Judicial involvement has long been recognized as critical to the effective management of discovery. Thus, as early as 1983, the Advisory Committee explained that "[t]he rule contemplates greater judicial involvement in the discovery process and thus acknowledges the reality that it cannot always operate on a self-regulating basis." Committee Notes (2015) (referring to 1983 notes). Again in 2000, the Advisory Committee noted that it had been "informed repeatedly by lawyers that involvement of the court in managing discovery is an important method of controlling problems of inappropriately broad discovery") (Committee Notes 2000). The 2015 amendment revisits this theme, noting that the amendment "again reflects the need for continuing and close judicial involvement in the cases that do not yield readily to the ideal of effective party management," including that cases where "the parties fall short of effective, cooperative management on their own." Advisory Comm. Notes 2015.

With these standards and obligations in mind, the Court turns to the merits of the present motion to compel.

II.     Motion to Compel Responses to Plaintiff's Interrogatories

Plaintiff seeks to compel answers to his First Set of Interrogatories. Plaintiff takes issue with Defendants' "repeated objections and unresponsive answers." See Pl.'s 5/29/2017 Ltr., at 2, DE [33]. The Court will address certain interrogatories separately, as well as themes that permeate

throughout the requested information. The Court will consider Defendants' objections in addressing each of the written discovery requests at issue.

   A.   Interrogatory No. 1

Plaintiff seeks to compel an answer to Interrogatory No.1:

> Provide the name, address, title and position of all person(s) who provided information responsive to these Interrogatories specifying which individual provided information for which Interrogatory or subsection of an Interrogatory.

DE [33] at 3. Defendants object:

> In addition to the foregoing General Objections, JJCI objects to this interrogatory because it is overly broad, unduly burdensome, and seeks irrelevant information, JJCI further objects to this interrogatory as not proportional to the needs of this case. Without waiving the foregoing objections, JJCI states that their counsel participated in the preparation of these responses, with assistance from employees of JJCI.

DE [33-2] at 2.

Rule 33(b)(1)(B) provides that:

> Responding Party. The interrogatories must be answered:
>
> > (B) if that party is a public or private corporation, a partnership, an association, or a government agency, by any officer or agent, who must furnish the information available to the party.

Fed. R. Civ. P. 33(b)(1)(B). An "'Agent' includes an outside attorney for the corporation." Shire Labs., Inc. v. Barr Labs., Inc., 236 F.R.D. 225, 2277 (S.D.N.Y. 2006). In light of the rule itself and prevailing case law, Interrogatory No. 1 has been wholly answered by Defendants. Further, as people with knowledge are required to be provided during Rule 26 Initial Disclosures, Plaintiff has already been provided with the requested information. As such, Plaintiff's motion to compel as to Interrogatory No. 1 is denied.

   B.   Information Regarding Johnson's Natural Baby Shampoo

Plaintiff seeks to compel answers regarding Johnson's Natural Baby Shampoo, a separate product apart from Johnson's Baby Shampoo, the product at issue in this action. Plaintiff asserts that this information is relevant to further his theory about Johnson's Natural Baby Shampoo as a "reasonable alternative design." DE [33] at 7.  Defendants contend that Plaintiff's Complaint contains no allegation nor mention of Johnson's Natural Baby Shampoo.  Defendants further argue that to the extent that Plaintiff seeks the information regarding Johnson's Natural Baby Shampoo as a "reasonable alternative design," the interrogatory responses Plaintiff objects to either seek publicly available information, or relate to geographic location, rather than design. See DE [36] at 4-5.

Specifically, Interrogatory No. 10 requests "[t]he location(s) (i.e. street address) of any and all plant(s), factory(ies), facility(ies), where Johnson's Natural Baby Shampoo was manufactured in the United States between the years of 1970 to 2016." DE [33-2].  As Plaintiff's Complaint contains no mention of Johnson's Natural Baby Shampoo, this interrogatory seeks information that bears no relevance to whether Johnson's Baby Shampoo is defective or to the design of any product.  Interrogatory No. 10 seeks information that is both irrelevant to the product at issue as well as not proportional to the needs of this case. Therefore, Plaintiff's motion to compel a response to Interrogatory No. 10 is denied.

Interrogatory No. 16 seeks a listing of the ingredients in Johnson's Natural Baby Shampoo. See DE [33-2].  Similarly to Interrogatory No. 10, Interrogatory No. 16 seeks information that is irrelevant to this action as well as disproportionate to the matter at hand. The information requested by Plaintiff is publicly available information that is Plaintiff either already possess is easily accessible.  Accordingly, Plaintiff's motion to compel responses to Interrogatory No. 16 is denied.

C. Interrogatories Regarding Foreign Factories

Plaintiff seeks information regarding the manufacture of Johnson's Baby Shampoo in foreign facilities. Plaintiff proffers that information related to the foreign facilities will help prove his allegation that Johnson's Baby Shampoo sold in the United States was not reasonably safe. Defendants object based on relevance and proportionality grounds. As this Court has pointed out, formulas of the product sold in foreign nations are of no relevance to Plaintiff's cause of action because Plaintiff maintains that his injury was caused by Johnson's Baby Shampoo sold in the United States.

Further, to the extent that Plaintiff seeks foreign factory information regarding a "reasonable alternative design," as the interrogatory requests currently stand, that justification does not reflect Plaintiff's actual interrogatory requests. For example, in Interrogatory No. 6 Plaintiff requests that Defendants:

> Provide the location(s) (i.e., street address) of any and all plant(s), factory(ies), facility(ies), where The Product, Johnson Baby Shampoo, was manufactured in the following countries between the years of 1970 to 2016:
> a. Japan
> b. Netherlands
> c. South Africa
> d. Sweden
> e. United Kingdom

The locations of facilities where Johnson's Baby Shampoo has or is being manufactured for customers outside the United States is simply irrelevant to the instant litigation. Further, the resources necessary to cultivate the locations of all the facilities that manufactured Johnson's Baby Shampoo for 46 years and was not sold in the United States or to the Plaintiff is not proportional to the needs of this matter. Accordingly, Plaintiff's motion to compel responses to interrogatories relating foreign facilities and manufacture of Johnson's Baby Shampoo outside the United States is denied.

D. <u>Interrogatories Regarding Plant Managers and Quality Assurance Managers</u>

Plaintiff seeks information regarding plant managers and quality assurance managers for each location between the years of 1976-2016. Specifically, Interrogatory No. 4 requests the name and contact information for each individual identified. Defendants object on several grounds, including relevance, proportionality, and vagueness.

As currently phrased, Plaintiff's interrogatory seeks the names of individual managers employed at facilities over the span of 46 years. Again, given the time-frame for the information sought, as well as the resources needed to gather such information, the request is not proportional to the needs of the case. Further, given the nearly half century span, such individuals are unlikely to possess any information relating to the design of Johnson's Baby Shampoo. As Plaintiff has yet to take depositions in this case, it is more efficient for Plaintiff to make inquiries during deposition as to the identity of individuals that may possess actual knowledge regarding the design of the shampoo and then make the appropriate requests at that juncture, if this is indeed the information that Plaintiff seeks.

It is unclear to the Court and in Plaintiff's applications if Plaintiff is seeking information relating to Defendants' quality control personnel and procedures, or if Plaintiff is seeking information relating to the managers employed by third party-vendors. Defendants have stated and maintained that as to the third-party vendors, that information is not within the possession, custody or control of Defendants. Accordingly, if that is the information that Plaintiff seeks, Plaintiff is directed to make applications to the appropriate entities seeking such information. As to Plaintiff's Interrogatory request, as currently drafted it is unclear and not proportional to the needs of this case. Accordingly, Plaintiff's motion to compel information regarding plaint

managers and quality assurance managers is denied. This Court encourages Plaintiff to revise his interrogatory requests to ensure clarity for all parties involved.

   III.        Plaintiff's Request to Expand the Number of Interrogatories

Plaintiff requests that the Court expand the number of interrogatories from twenty-five to fifty. Plaintiff argues that he is seeking the additional interrogatories because he "has not had the opportunity to propound interrogatories regarding 1,4-dioxane and suggests that it is a new issue in the litigation. DE [33]. Defendants oppose the application asserting that Plaintiff's Complaint contends that Johnson's Baby Shampoo contained 1,4-dioxane. DE [38].

Rule 33 of the Federal Rules of Civil Procedure provides that absent a court order "a party may serve on any other party no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1). Rule 26(b)(2)(C)(i)-(iii) provides that the court must limit the frequency or extent of discovery . . . if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

As Plaintiff' Complaint references 1,4-dioxane, see Compl. ¶¶ 23, 24, it is clear this is not a new issue. Plaintiff had knowledge and more than ample opportunity to propound interrogatories regarding 1,4-dioxane and elected not to include them within the 25 interrogatory limit. Further, although Plaintiff has already utilized his 25 interrogatories, Plaintiff is free to request the production of documents regarding 1,4-dioxane. Finally, as this Court has already noted, Plaintiff has yet to take depositions in this case. As such, Plaintiff may ask questions regarding

1,4-dioxane during depositions. Therefore, Plaintiff's request to expand the number of interrogatories is denied.

IV. Plaintiff's Request to Amend the Discovery Schedule

Plaintiff seeks to amend the current discovery schedule. Plaintiff argues that he needs "adequate time . . . to review the material provided and possibly amend the initial complaint." DE [33] at 9. As discovery in this matter is set close on December 31, 2017, this Court agrees.

In light of the fact that both parties have worked diligently to accommodate the other and adhere to the current schedule, as well as brief a motion to amend, an extension of the current discovery schedule is warranted. Accordingly, Plaintiff's motion for an extension of the discovery schedule is granted. Plaintiff and defense counsel are directed to confer regarding discovery dates, and on December 7, 2017, submit a proposed Discovery Plan Worksheet for this Courts review.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Compel, Docket No. 33 and No. 35 are granted in part and denied in part. Specifically, Plaintiff's motion to compel responses to interrogatories is denied. Plaintiff's request to expand the number of interrogatories from twenty-five to fifty is denied, and Plaintiff's request to amend the current discovery schedule is granted. Plaintiff and defense counsel are directed to confer regarding discovery dates, and on December 7, 2017, submit a proposed Discovery Plan Worksheet for this Court's review.

SO ORDERED

Dated: Central Islip, New York
       November 20, 2017

    /s/ Anne Y. Shields
    ANNE Y. SHIELDS
    United States Magistrate Judge