UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
ISAAC LEVIN,

                                                                    **REPORT AND**
                                                                    **RECOMMENDATION**
                                    Plaintiff,                      CV 16–6631 (JS)(AYS)

            -against-

JOHNSON AND JOHNSON,
JOHNSON AND JOHNSON
CONSUMER COMPANIES,
INC., THE DOW CHEMICAL
COMPANY n/k/a DowDuPont,
and KIK CUSTOM PRODUCTS, INC.,

                                    Defendants.
--------------------------------------------------X
**SHIELDS, Magistrate Judge,**

        Pro se plaintiff Isaac Levin ("Levin" or "Plaintiff") commenced this action against

Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc., (collectively "Johnson

& Johnson"), on November 30, 2016, alleging that Johnson and Johnson Baby Shampoo (the

"product"), knowingly contained toxic chemicals which, after years of use, resulted in Plaintiff

developing a tumor on the back of his head which required two surgeries to remove.  On July 2,

2018, Plaintiff amended his complaint to add the Dow Chemical Company ("Dow") and KIK

Custom Products, Inc. ("KIK") (collectively "Defendants") as defendants. Plaintiff's Amended

Complaint contains, inter alia claims of strict liability for failure to warn, breach of express and

implied warranties, negligence and negligent misrepresentation. See generally Am. Compl.,

Docket Entry ("DE") [69].

Presently before this Court, upon referral by the Honorable Joseph F. Bianco[1] for Report and Recommendation, see DE [125], are the separate motions of Defendants Dow and KIK to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] DE [97], [98]. For the reasons set forth below, this Court respectfully recommends that the motions be granted in part and denied in part.

BACKGROUND

I.     Documents Considered

As is required in the context of this motion to dismiss, the factual allegations in the Amended Complaint, though disputed by Defendants, are accepted to be true for purposes of these motions, and all reasonable inferences are drawn therefrom in favor of the Plaintiff.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, a court may consider: (1) documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effects of which the Complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002); see Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Moreover. "[a] court may take judicial notice of a documents filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Glob. Network Commc'ns,

_____

1. Subsequent to the referral order, this case was reassigned to the Honorable Joanna Seybert for all further proceedings. See Entry dated 5/31/2019.

Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

Where, as here, the complaint was filed pro se, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests.  Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted).  Nonetheless, a pro se complaint must state a plausible claim for relief.  See Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009). The Court turns now to discuss the facts set forth in Plaintiff's Amended Complaint, construed in his favor.

II.    Facts

A.    Plaintiff's Allegations

Levin alleges that his use of Johnson and Johnson Baby Shampoo (the "product"), from 1974 – December 2013, caused a tumor to form on the back of his head.  Am. Compl. ¶¶ 10-35. Plaintiff alleges that the he used the product once or sometimes twice a day during the nearly forty-year period. Id. ¶10.  Plaintiff claims that the product was defective due to the inclusion of the ingredient quaternium-15, which Plaintiff alleges contains formaldehyde. Id. ¶ 16. Plaintiff alleges that he received the diagnosis regarding his tumor on January 29, 2014, and that the tumor was surgically removed on February 6, 2014. Id. ¶¶ 26-27.

Levin claims that he learned that the product allegedly contained formaldehyde on December 14, 2013, when he received an article on that topic from his daughter. Am. Compl. ¶ 11.  Plaintiff alleges that Dow is a manufacturer of quaternium-15, id. ¶ 18, and that KIK manufactured Johnson and Johnson Baby Shampoo from at least 2002. Id. ¶ 20.

III.    <u>Procedural History</u>

On November 30, 2016, Plaintiff commenced the instant action against the Johnson and Johnson defendants. DE [1].  On November 13, 2017, Plaintiff sought leave to amend the complaint to add Dow and KIK as defendants. DE [42]. The Court granted the motion to amend on June 29, 2018, <u>see</u> DE [71], and Plaintiff filed the Amended Complaint adding Dow and KIK as defendants on July 2, 2018. DE [69]. On August 13, 2018, Dow sought leave to move to dismiss the claims, <u>see</u> DE [93], which the District Court granted on August 20, 2018. <u>See</u> DE [96]. Dow then filed its motion to dismiss on September 21, 2018. DE [98].

On August 17, 2018, KIK sought leave to file a motion to dismiss, <u>see</u> DE [26], which was also granted on August 20, 2018.  <u>See</u> DE [27].  KIK filed its motion to dismiss on September 21, 2018.  <u>See</u> DE [97].  Upon briefing of the motions, they were referred to this Court for report and recommendation.  <u>See</u> DE [125].

IV.    <u>Claims in the Amended Complaint</u>

The Amended Complaint alleges seven causes of action against, without differentiation against all defendants. The claims are as follows:

- (i) strict liability-failure to warn;

- (ii) negligence;

- (iii) breach of express warranty-violation of Magnuson-Moss Warranty Act, 15 U.SC. § 2301;

- (iv) breach of implied warranty;

- (v) concert of action;

- (vi) punitive damages; and

- (vii) negligent misrepresentation.

See Am. Compl. ¶¶ 36-85.  In sum and substance, Plaintiff alleges that Defendants breached their duty to warn, expressed indifference to the safety of users of the product and, through their marketing efforts, affirmatively hid and minimized the risk associated with the product. Id. ¶ 78.  Levin asserts that the development of his tumor was the direct and proximate result of his use of the product, and all of Defendants' failure to warn as to particular dangers associated with that use. Id. ¶¶ 47-49.

V.    The Motions to Dismiss

Defendants move separately to dismiss most claims. Specifically, Dow seeks dismissal of Count One-Strict Liability/Failure to Warn, Count Two-Negligence, Count Three-Breach of Express Warranty/Violation of the Magnuson-Moss Warranty Act, Count Five-Concert of Action, Count Six-Punitive Damages and Count Seven-Negligent Misrepresentation of the Amended Complaint.  Dow contends that dismissal is warranted because Plaintiff's claims for strict liability/failure to warn, negligence and negligent misrepresentation are time barred due to the three-year statute of limitations. Dow further asserts that dismissal is warranted because Plaintiff's claims for breach of express warranty and negligent misrepresentation are not adequately pled. Finally, Dow argues that Plaintiff's punitive damages claim should be dismissed because it is not an independent cause of action.

KIK moves to dismiss all claims arguing that each of Plaintiff's causes of action are time barred by the applicable statute of limitations. KIK also moves for dismissal asserting that Plaintiff has failed to sufficiently state a claim for any of his breach of warranty claims and his concerted action claim. Having summarized the relevant facts, the Court turns to the merits of the motion.

## DISCUSSION

I.    Legal Principles: Standards Applicable on Motions to Dismiss

A.    Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading sufficient factual content to allow a court to reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555).

District courts are "obligated to construe pro se complaint [s] liberally," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), interpreting them "to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).  Courts may not, however, read into pro se submissions claims inconsistent with the pro se litigant's allegations, Phillips v. Girdich, 408 F.3d 124, 127 (2d Cir. 2005) (citation omitted), or arguments that the submissions themselves do not "suggest," Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).  Pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law."  Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

B.    <u>Choice of Law</u>

The Court must apply New York State law in this case as the Court has diversity

jurisdiction over this action. In a diversity action, the Court applies the choice of law rules of the

state in which it sits. <u>See</u> <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496, 61 S. Ct.

1020, 85 L. Ed. 1477 (1941). In general, under New York choice of law principles "the law of

the place of the tort governs." <u>Padula v. Lilarn Prop. Corp.</u>, 84 N.Y.2d 519, 522, 620 N.Y.S.2d

310, 644 N.E.2d 1001, 1002 (1994). In this case, Plaintiff is a New York State resident and

claims daily use of the product, hence New York State law applies. Further, "[i]n diversity cases,

state statutes of limitations govern the timeliness of state law claims, and state law determines

the related questions of what events serve to commence an action and to toll

the statute of limitations." <u>Diffley v. Allied–Signal, Inc.</u>, 921 F.2d 421, 423 (2d Cir.

1990) (internal quotations omitted).

With these standards in mind, the Court turns to assess the viability of Plaintiff's claims.

II.    <u>Time Barred Claims</u>

Dow argue that Counts One, Two and Seven are time barred. KIK argues that Counts

One, Two, Three, Four and Seven are time barred. Thus, collectively, Defendants argue that the

following claims are time barred:

- Strict liability/failure to warn

- Negligence

- Breach of express warranty

- Breach of implied warranty

- Negligent misrepresentation

Plaintiff counters that the claims against Defendants are not time barred because the claims are tolled by New York's discovery rule.

  A. Timeliness of Claims for Strict Liability/Failure to Warn (Count One)
    Negligence (Count Two) Negligent Misrepresentation (Count Seven)

  1. Legal Principles

New York law provides for a three year statute of limitations for personal injury tort claims.  N.Y. C.P.L.R. § 214. Pursuant to N.Y. C.P.L.R.  § 214–c (2), the three year Statute of Limitations "shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by plaintiff, whichever is earlier". The date of discovery "will not be dependent upon the discovery of the cause of the injury." Hedlund v. County of Tompkins, 235 A.D.2d 980, 982 (3d Dep't 1997). Furthermore, the term "injury" in N.Y. C.P.L.R. § 214–c is meant "to refer to an actual illness, physical condition or other similarly discoverable objective manifestation of the damage caused by previous exposure to an injurious substance." Sweeney v. General Print., 210 A.D.2d 865, 865–66 (3d Dep't 1994). "[T]he phrase 'discovery of the injury' necessarily contemplates something less than full awareness that one has been damaged as a result of exposure to a particular toxic substance" Id., at 865; see, Johnson v. Ashland Oil, 195 A.D.2d 980, 981 (4th Dep't 1993).   In Matter of New York County DES Litigation, 89 N.Y.2d 506, 509 (1997), the New York State Court of Appeals held "that the time for bringing the action begins to run . . .  when the injured party discovers the primary condition on which the claim is based." See also, Whitney v. Quaker Chemical Corp., 90 N.Y.2d 845, 847 (1997) ("All that is necessary to start the limitations period is that plaintiff be aware of the primary condition for which damages are sought").

"There is some dispute concerning the proper statute of limitations for negligent misrepresentation." Fromer v. Yogel, 50 F. Supp. 2d 227, 242 (S.D.N.Y. 1999) (collecting cases where courts have alternatively applied a six-year or three-year statute of limitations). Some courts apply the six-year statute of limitations found in N.Y. C.P.L.R. § 213(1), which states that "an action for which no limitation is specifically prescribed by law" shall be commenced within six years. See, e.g., Fromer, 50 F. Supp. 2d at 242 (collecting cases). Many courts have relied on the six year statute of limitations for fraud contained in N.Y. CP.L.R. § 213(8). Von Hoffmann v. Prudential Ins. Co. of Am., 202 F. Supp. 2d 252, 263 (S.D.N.Y. 2002) (collecting cases). Other courts have applied the statute of limitations for personal injury or injury to personal property found within N.Y. C.P.L.R. § 214(4)-(5), which is three years. See, e.g., Fromer, 50 F. Supp. 2d at 242 (collecting cases). Most cases have found that the six-year statute of limitations is proper where the negligent misrepresentation claim mirrors a claim for fraud or "stands in the shadow of fraud." Von Hoffmann, 202 F. Supp. 2d at 263; Fromer, 50 F. Supp. 2d at 242–43; Ambassador Ins. Co. v. Euclid Servs., Inc., No. 80 Civ. 1235, at *4, 1984 WL 341 (S.D.N.Y. May 24, 1984) (applying § 213(8) because the "essence of the complaint" sounded in fraud even though the limitations period for negligence under § 214(4) is three years); see also In re Argo Communications Corp., 134 B.R. 776, 794–96 (Bankr. S.D.N.Y. 1991) (applying § 213(8) where the claim is closely aligned with a claim for intentional misrepresentation).

"[A] cause of action based on negligent misrepresentation accrues 'on the date of the alleged misrepresentation which is relied upon by the plaintiff.'" Von Hoffmann, 202 F. Supp. 2d at 263 (quoting Fandy Corp. v. Lung–Fong Chen, 262 A.D.2d 352, 691 N.Y.S.2d 572, 573 (2d Dep't 1999)).

Furthermore, "[a]bsent allegations of fraud, a claim for negligent misrepresentation . . . is not subject to any discovery rule." Marchig v. Christie's Inc., 430 F. App'x 22, 25 (2d Cir. 2011) (summary order) (citing Von Hoffmann, 202 F. Supp. 2d at 263–64 (applying two years limitations period running from the alleged discovery of the negligent misrepresentation where the claim was "based on the same facts as a claim for fraud"); Fandy, 262 A.D.2d 352).

2.    The Strict Liability, Negligence and
      Negligent Misrepresentation Claims Are Time Barred

Plaintiff's negligent misrepresentation claim stems from his products liability claim and is merely incidental to the negligence claims. Therefore, the three-year statute of limitations period applies to all three claims. Plaintiff's claims accrued, i.e., the statute began to run, at the latest, in January 2014, when his tumor was diagnosed and at which point, based on his allegations, he had already learned about the connection between the product and his condition. While Plaintiff did indeed timely commence this action in November 2016, Plaintiff did not move to add either Dow or KIK as defendants until November 2017. In order to have been within the three-year statute of limitations period, Plaintiff would have had to move to assert these claims against Dow and KIK by January 2017. Accordingly, Plaintiffs claims for strict liability, negligence and negligent misrepresentation as asserted against the moving Defendants are time-barred and must be dismissed.

B.    Timeliness of Breach of Warranty Claims (Counts Three and Four)

In addition to joining in Dow's limitations arguments as disposed of above, KIK argues that Plaintiff's claims for breach of warranties are also time barred.

1.    Legal Principles

Claims brought pursuant to the Magnuson Moss Warranty Act and the New York State Uniform Commercial Code (the "NYUCC") are governed by the four

year statute of limitations set forth in section § 2–725 of the NYUCC. Murungi v. Mercedes Benz Credit Corp., 192 F. Supp. 2d 71, 79 (W.D.N.Y.2001); Woods v. Maytag Co., 2010 WL 4314313 *2 (E.D.N.Y. 2010). Thus, each of Plaintiff's claims is governed by a four year statute of limitations.

As to accrual of claims alleging breach of warranty and/or contract for the sale of goods, the NYUCC specifically defines the date of accrual as:

> when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

N.Y. UCC § 2–725(2). As the foregoing language makes clear, the statute of limitations begins to run "on tender of delivery." Accrual is extended to the time of discovery of the breach only in cases of explicit extension of the warranty at issue to future performance. Additionally, knowledge of a defect has no effect whatever on the running of the statute. Statler v. Dell, Inc., 775 F. Supp. 2d 474, 481 (E.D.N.Y. 2011); see Brady v. Lynes, 2008 WL 2276518 *11 (S.D.N.Y. 2008) (argument that breach occurs upon discovery is "contrary to black letter law"); Morgan v. Abco Dealers, Inc., 2007 WL 4358392 *6 (S.D.N.Y. 2007); Orlando v. Novurania of America, Inc., 162 F. Supp. 2d 220, 224 (S.D.N.Y. 2001).

2.    The Warranty Claims are Timely

Plaintiff alleges that he purchased and applied the product from "1974 to December 2013." Am. Compl. ¶ 10. Plaintiff moved to amend his complaint on November 13, 2017. See DE [42]. Leave to amend was granted on June 29, 2018, see DE [68] and [71], and Plaintiff filed the Amended Complaint on July 2, 2018. DE [69]. Based on his allegations, the latest Plaintiff could have purchased the product was December 2013, making his four-year limitation period end in December 2017. Defendants argue that because the Amended Complaint wasn't actually

filed until July 2, 2019, the claims are untimely. This Court disagrees. Plaintiff moved to amend his complaint to add KIK and Dow on November 13, 2017, clearly within the four-year period. The District Court ordered a briefing schedule and then held a conference before deciding the motion. However, Plaintiff began the amendment process within the four-year statute of limitations period and therefore his claims are deemed timely.

    C.    <u>Tolling</u>

    1.    <u>Legal Principles</u>

Plaintiff argues that the statute of limitations should be extended based on equitable tolling or equitable estoppel. Pl.'s Dow Opp. at 3-4[3], DE [106]; Pl.'s KIK Opp. at 3-4, DE [107]. He contends that the doctrines of equitable tolling or equitable estoppel should be applied even though New York law governs this action.  For purposes of completeness, this Court notes that Plaintiff's claims would be time-barred under any reasonable construction of the discovery rule.

The federal discovery rule which postpones accrual of certain claims arising under federal law provides that "[t]he clock begins to run when the plaintiff has 'inquiry notice' of his injury, namely when he discovers or reasonably should have discovered the . . . injury." <u>Koch v. Christies' Int'l PLC</u>, 699 F.3d 141, 148 (2d Cir. 2012) (explaining the federal discovery rule in the context of a RICO claim) (internal quotation marks, citation, and alteration omitted). "[D]iscovery of the injury, not discovery of the other elements of a claim, is what starts the clock." <u>Rotella v. Wood</u>, 528 U.S. 549, 555, 120 S. Ct. 1075, 1081 (2000). Under the discovery rule, a claim accrues when a plaintiff comes into possession of the "critical facts that he has been hurt and who inflicted the injury." <u>Id.</u> at 556, 120 S. Ct. 1075 (quoting <u>United States v.</u>

---

3. For ease of reference, page numbers referenced herein are numbers assigned to pages on electronically filed documents, and not to the underlying documents themselves except for page numbers referenced in cases.

Kubrick, 444 U.S. 111, 122, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979)); see also Kubrick, 444 U.S. at 123, 100 S. Ct. 352 (plaintiff "armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute"); A.Q.C. ex rel Castillo v. United States, 656 F.3d 135, 140 (2d Cir. 2011) ("A claim accrues when the plaintiff knows, or should know, enough 'to protect himself by seeking legal advice.'") (internal quotation marks and citations omitted).

New York Civil Procedure Law Rule § 214–c(4) tolls the three year statute of limitations on personal injury claims "where the discovery of the cause of the injury is alleged to have occurred less than five years after discovery of the injury ... [and Plaintiff must] allege and prove that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the period." See also Pompa v. Burroughs Wellcome Co., 259 A.D.2d 18, 23–24, 696 N.Y.S.2d 587 (N.Y. App. Div. 1999).

Equitable estoppel is an "extraordinary remedy." Pulver v. Dougherty, 58 A.D. 3d 978, 871 N.Y.S. 2d 495, 496 (2009) (Slip Op.); E. Midtown Plaza Hous. Co. v. City of New York, 218 A.D. 2d 628, 631 N.Y.S. 2d 38, 38 (1995). Under New York law, the doctrine should be "invoked sparingly and only under exceptional circumstances." Abercrombie v. Andrew Coll., 438 F. Supp. 2d 243, 265 (S.D.N.Y. 2006) (quoting Matter of Gross v. New York City Health & Hosps. Corp., 122 A.D. 2d 793, 505 N.Y.S. 2d 678, 679 (1986)).

The doctrine of equitable estoppel applies where it would be unjust to allow a defendant to assert a statute of limitations defense." Zumpano v. Quinn, 6 N.Y. 3d 666, 816 N.Y.S. 2d 703, 849 N.E. 2d 926, 929 (2006). This is the case where a plaintiff is "induced by fraud,

misrepresentations or deception to refrain from filing a timely action." Id. (quoting Simcuski v. Saeli, 44 N.Y. 2d 442, 406 N.Y.S. 2d 259, 377 N.E. 2d 713, 716 (1978)) (internal quotation marks omitted). Such fraud, misrepresentations, or deception must be affirmative and specifically directed at preventing the plaintiff from bringing suit; failure to disclose the basis for potential claims is not enough, nor are broad misstatements to the community at large. See Doe v. Kolko, 2008 WL 4146199, at *4 (E.D.N.Y. Sept. 5, 2008) ("Equitable estoppel is appropriate where the plaintiff is prevented from filing an action within the applicable statute of limitations due to defendants' misconduct toward the potential plaintiff, not a community at large."); Putter v. N. Shore Univ. Hosp., 7 N.Y. 3d 548, 825 N.Y.S. 2d 435, 858 N.E. 2d 1140, 1142 (2006) ("A plaintiff seeking to apply the doctrine of equitable estoppel must establish that subsequent and specific actions by defendants somehow kept [him or her] from timely bringing suit." (alteration in original) (citation and internal quotation marks omitted)); Zumpano, 816 N.Y.S. 2d 703, 849 N.E. 2d at 929 (same).

Absent affirmative conduct on the part of the defendant, "the plaintiff must demonstrate a fiduciary relationship ... which gave the defendant an obligation to inform him or her of facts underlying the claim." Zumpano, 816 N.Y.S. 2d 703, 849 N.E. 2d at 930 (citation omitted); see also Okie v. Village of Hamburg, 196 A.D. 2d 228, 609 N.Y.S.2d 986, 989 (1994) (finding equitable estoppel inapplicable in part because "[t]his [wa]s not a case where plaintiffs made specific inquiry for information peculiarly within the municipality's knowledge and received erroneous information upon which they relied").

In order to invoke equitable estoppel, a plaintiff must also demonstrate reasonable reliance on the defendant's misrepresentations, and due diligence in bringing a claim when the conduct relied upon as the basis for equitable estoppel ceases to be operational. Putter, 825

N.Y.S. 2d 435, 858 N.E. 2d at 1142–43; <u>Zumpano</u>, 816 N.Y.S. 2d 703, 849 N.E. 2d at 929, 931. Generally, the outer limit for exercising due diligence would be the statute of limitations measured from the date when the facts giving rise to the estoppel have ceased to be operational. <u>See</u> <u>Simcuski</u>, 406 N.Y.S. 2d 259, 377 N.E. 2d at 717; <u>Doe v. Holy See (State of Vatican City)</u>, 17 A.D. 3d 793, 793 N.Y.S. 2d 565, 569 (2005) (Slip Op.); <u>Lazzaro v. Kelly</u>, 87 A.D. 2d 975, 450 N.Y.S. 2d 102, 105 (1982).

When the claims are <u>prima facie</u> barred by the statute of limitations, the plaintiff must make sufficient factual allegations that each of the requirements of equitable estoppel is satisfied, or at least raise an issue of fact as to whether equitable estoppel applies. <u>See</u>, <u>e.g.</u>, <u>Santo B. v. Roman Catholic Archdiocese of New York</u>, 51 A.D. 3d 956, 861 N.Y.S. 2d 674, 675 (2d Dep't 2008).

Two authoritative cases from the New York Court of Appeals illustrate the limits of the extraordinary doctrine of equitable estoppel. In <u>Putter</u>, the Court of Appeals declined to recognize a valid equitable estoppel defense where the plaintiff contracted Hepatitis C by virtue of the alleged negligence of the defendant hospital. 825 N.Y.S.2d 435, 858 N.E.2d at 1141–43. There, the plaintiff became aware that he had contracted the disease a few months after the surgery, and was then advised by multiple medical professionals that he likely contracted it at the hospital. <u>Id.</u>, 825 N.Y.S.2d 435, 858 N.E.2d at 1141. The plaintiff was also informed that another patient had recently contracted the same disease after surgery at the same hospital. <u>Id.</u> Nevertheless, the chief of infectious diseases at the hospital falsely told the plaintiff that the plaintiff's disease was of unknown origin. <u>Id.</u> The Court of Appeals held as a matter of law that this representation was not a proper basis for equitable estoppel because "given [the plaintiff's] level of awareness" of his injury and its likely source, he "had sufficient information

available to require him to investigate whether there was a basis for a medical malpractice action." Id., 825 N.Y.S.2d 435, 858 N.E.2d at 1143. Thus, "any reliance [the plaintiff] placed on [ ] his conversation with [the chief of infectious diseases]—a person affiliated with the defendant hospital—was unreasonable. [The] statement did not alter [the plaintiff's] timely awareness of the facts requiring him to make further inquiry before the statute of limitations expired." Id.

In Zumpano, the Court of Appeals considered the application of equitable estoppel to the filing of untimely claims alleging clerical sexual abuse of minors. 816 N.Y.S.2d 703, 849 N.E.2d at 928–31. In affirming the dismissal of two complaints alleging clerical sexual abuse, the Court of Appeals found equitable estoppel inapplicable as a matter of law. Id. The Court stressed that it is "fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit." Id., 816 N.Y.S.2d 703, 849 N.E.2d at 929 (citation omitted).

2.    No Exception to the Statutes of Limitation Saves the Time-Barred Claims

Under any iteration of an exception to the statute of limitations, Plaintiff's claims subject to a three year statute of limitations are time-barred. Taking the Plaintiff's allegations as true, the Plaintiff had knowledge of the "critical facts" when he was diagnosed with the tumor in January of 2014. Plaintiff claims that his claims are tolled because he did not, nor could he have, discovered that Dow is a manufacturer of quaternium-15, and that KIK manufactured Johnson and Johnson Baby Shampoo until June 2017 the earliest, after he received and reviewed responsive documents produced by Defendants. Pl.'s Dow Opp at 6; Pl.'s KIK Opp. at 6. Plaintiff's own allegations admit he was aware of the connection between formaldehyde and cancer as early as December of 2013 when he received the article from his daughter. Thus, by

January of 2014 Plaintiff had knowledge of the "critical facts" to link his tumor diagnosis to formaldehyde. Therefore, the federal discovery rule does not apply.

Similarly, the New York discovery rule and the doctrine of equitable estoppel do not apply in this case. Plaintiff knew the alleged cause of his injury (a tumor allegedly caused by formaldehyde) when he was diagnosed with the tumor in January of 2014 after receiving the article from his daughter in December 2013. Thus, Plaintiff cannot allege in the Amended Complaint, let alone prove, that the cause of the injury remained unknown because the "technical, scientific or medical knowledge" had not yet been discovered. Fisher v. APP Pharmaceuticals, LLC, 783 F. Supp. 2d 424, 431 (S.D.N.Y. 2011) (holding that the discovery rule did not toll the statute of limitations on products liability claims against a manufacturer where plaintiff argues she could not have discovered identity of manufacturer until later date).

Essentially, Plaintiff relies on the argument that the discovery rule should apply in cases where the plaintiff does not know who caused the injury versus what caused the injury. However, because Plaintiff knew the cause of his injury in January of 2014, he had sufficient information to investigate his claims, yet he didn't move to add Dow and KIK until November of 2017. Plaintiff has not alleged that Defendants' prevented in some extraordinary way or wrongfully concealed material facts from him which prevented his discovery of the nature of the claim. Plaintiff has clearly stated that he was aware of the dangers of formaldehyde in December of 201,3 and received his diagnosis in January of 2014. Plaintiff did not satisfy his due diligence requirement prior to the statute of limitations running and therefore the limitations period cannot be tolled. None of the New York exceptions to the three-year statute of limitations apply in this case. Accordingly, the claims to for Strict Liability/Failure to Warn (Count 1), Negligence

(Count 2) and Negligent Misrepresentation (Count 7), are dismissed as time barred against both Dow and KIK.

Having ruled that Counts one, two and seven are time-barred, the Court turns to decide whether the timely claims as to which dismissal is sought otherwise survive the motions to dismiss for failure to state a claim.

III.    Failure to State a Claim

In addition to the limitations arguments discussed above, certain claims are sought to be dismissed for failure to state a claim.  Specifically, Defendants seek dismissal of the claims based upon breach of express warranty. KIK moves also to dismiss the claim for breach of implied warranty. Both Defendants move to dismiss the claims of concert of action.

A.    Breach of Express Warranty

Defendants contend that Plaintiff's breach of express warranty claim should be dismissed because Plaintiff has not identified any statement by Defendants constituting a warranty. Plaintiff asserts that Defendants expressly warranted, through direct-to-consumer marketing and advertisements and labels, that the product was safe and effective for reasonably anticipated uses, including use by the consumers to shampoo their heads. Am. Compl. ¶ 67.

The Magnuson–Moss Warranty Act ("MMWA") provides that "'a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages . . . .'" Enobakhare v. Carpoint, LLC,  2011 WL 703920, at *8 (E.D.N.Y. Jan. 10, 2011) (quoting 15 U.S.C. § 2310(d)(1)).

Pursuant to 15 U.S.C. § 2301(6)(A), the term "written warranty" is defined as: "any written affirmation of fact or written promise made in connection with the sale of a

consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time."

Courts have held that "the MMWA makes a warrantor directly liable to a consumer for breach of a written warranty," Diaz v. Paragon Motors of Woodside, Inc., 424 F. Supp. 2d 519, 540 (E.D.N.Y. 2006) (citing Shuldman v. DaimlerChrysler Corp., 1 A.D.3d 343, 768 N.Y.S.2d 214, 216 (2003)), and that the MMWA "merely incorporates and federalizes state-law breach of warranty claims, including state-law standards for liability and damages," Ebin v. Kangadis Food Inc.,  2013 WL 3936193, at *3 n. 2 (S.D.N.Y. July 26, 2013), and thus, Plaintiffs' breach of express warranty and MMWA claims stand or fall together.

To prevail on a claim of breach of express warranty in New York, a plaintiff must show "an 'affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase' and that the warranty was relied upon." Factory Assocs. & Exporters, Inc. v. Lehigh Safety Shoes Co. LLC, 382 F. App'x 110, 111–12 (2d Cir. 2010) (quoting Schimmenti v. Ply Gem Indus., Inc., 156 A.D.2d 658, 549 N.Y.S.2d 152, 154 (N.Y. 1989)).

The Amended Complaint alleges that Defendants advertised "through direct-to consumer marketing, advertisements, and labels, that the product was safe and effective for reasonably anticipated uses, including use by consumers to shampoo their heads." Am. Compl. ¶ 67. The Amended Complaint also alleges that "[t]he product did not conform to these express representations because it causes serious injury when used by consumers in the form of its increased risk of cancer and allergic skin reactions," and "[a]s a direct and proximate result of the Defendants' breach of warranty, Levin purchased and used . . . the product that directly proximately caused Levin to suffer injury." Id. ¶¶ 68-69.

Defendants argue that the claim fails for lack of privity. However, "courts have held that a plaintiff need not be in privity with a defendant to bring ... a claim based on misrepresentations contained in 'public advertising or sales literature.'" Weisblum v. Prophase Labs, Inc., 88 F. Supp. 3d 283, 295, (S.D.N.Y. 2015) (quoting Prue v. Fiber Composites, LLC, 2012 WL 1314114, at *9 (E.D.N.Y. Apr. 17, 2012)). Because the Court is aware that Plaintiff is proceeding pro se, it will allow Plaintiff's breach of express warranty claim to proceed to discovery. This is because broadly construed at this early stage of the litigation, Plaintiff has just barely pled the requisite elements of such a claim. Therefore, Dow and KIK's motion to dismiss the MMWA and New York breach of express warranty claims (Count 3) pursuant to 12(b)(6) is denied.

B.    Breach of Implied Warranty

In order to establish a claim of breach of implied warranty of fitness for a particular purpose, a plaintiff must show that the defendant "had reason to know, at the time of contracting, the buyer's particular purpose for which the goods are required and that the buyer was justifiably relying upon the seller's skill and judgment to select and furnish suitable goods, and that the buyer did in fact rely on that skill." Factory Assocs., 382 F. App'x at 112 (quoting Saratoga Spa & Bath, Inc. v. Beeche Sys. Corp., 230 A.D.2d 326, 656 N.Y.S.2d 787, 790 (N.Y. 1997) (internal quotation marks omitted)).

Under New York law, a seller may extend or exclude express and/or implied warranties. While claims made pursuant to written warranties do not require a showing of privity of contract, New York law allows claims of implied warranty to be brought only by those in privity with the named defendant. Abraham v. Volkswagen of America, Inc., 795 F.2d 238, 248 (2d Cir.1986); Cali v. Chrysler Group LLC, 2011 WL 383952 *3 (S.D.N.Y. Jan. 18, 2011).

KIK moves to dismiss Plaintiff's breach of implied warranty claim for the same reasons they moved to dismiss Plaintiff's breach of express warranty claim. See KIK Br. at 15, DE [97-1].[4] While the Court has held that the breach of express warranty may proceed, the Court agrees with KIK that Plaintiff has failed to sufficiently state a claim for breach of implied warranty.

Plaintiff alleges that "Defendants manufactured, marketed, labeled promoted, distributed and/or sold the product, the Defendants knew of the uses for which the product was intended, including use by consumers, and impliedly warranted the product to be of merchantable quality and safe for such use." Am. Compl. ¶ 71. Plaintiff fails to specify what representations were made to him, how they were made and where they were made. Such allegations "fail[ ] to identify the actionable conduct on the part of the defendants." See Gelber v. Stryker Corp., 788 F. Supp. 2d 145, 165 (S.D.N.Y. 2011) (dismissing claim that defendants breached express warranty representing that hip implant system was "safe and effective for its intended purpose" because "the Amended Complaint does not allege where these alleged representations appeared or to whom they were made"); Horowitz v. Stryker Corp., 613 F. Supp. 2d 271, 286 (E.D.N.Y. 2009) ("Plaintiff does not even describe how this representation was made. Without sufficient allegations identifying the conduct at issue, plaintiff has failed to give the defendants notice of the grounds of her claim.").

Unlike Plaintiff's breach of express warranty claim, Plaintiff has not adequately alleged the elements of a breach of implied warranty even when broadly construed. Therefore, the Court

---

4. Section V of KIK's Memorandum of Law in Support of its Motion to Dismiss is titled: "PLAINTIFF'S BREACH OF WARRANTY CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED." KIK Br. at 15. However, the section appears to argue only for dismissal of Plaintiff's breach of express warranty claim without any support for dismissal for Plaintiff's breach of implied warranty claim. Id. Nevertheless, because KIK appears to argue lack of privity as a basis for its motion to dismiss both breach of warranty claims, this Court will analyze the argument accordingly.

recommends dismissing Count Four against KIK for failure to state a claim upon which relief can be granted.

    C.    <u>Concert of Action</u>

Both Dow and KIK move to dismiss the claim of concert of action for failure to state a claim. "The theory of concerted action 'provides for joint and several liability on the part of all defendants having an understanding, express or tacit, to participate in a common plan or design to commit a tortious act.'" <u>Rastelli v. Goodyear Tire & Rubber Co.</u>, 79 N.Y.2d 289, 295, 582 N.Y.S.2d 373, 375, 591 N.E.2d 222 (1992), quoting, <u>Hymowitz v. Eli Lilly & Co.</u>, 73 N.Y.2d 487, 506, 541 N.Y.S.2d 941, 539 N.E.2d 1069, <u>cert. denied</u>, 493 U.S. 944, 110 S. Ct. 350, 107 L. Ed. 2d 338 (1989). To establish a concerted action claim, a plaintiff must show that each defendant charged has acted tortiously and that one of the defendants committed an act in pursuance of the agreement which constitutes the tort. <u>Rastelli</u>, 79 N.Y.2d at 295, 582 N.Y.S.2d at 375, 591 N.E.2d 222. However, parallel activity among companies developing and marketing the same product, without more, is insufficient to demonstrate the agreement element necessary to maintain a concerted action claim. <u>Id.</u>

Plaintiff alleges that "Defendants knew that the product should contain warnings on the risk of cancer and allergic skin reactions posed by consumers using the product, but purposefully sought to suppress such information an omit warnings to its consumers so as not to negatively affect sales and maintain the profits of the Defendants." Am. Compl. ¶ 75. Plaintiff has failed to specify what common plan the Defendants devised, how each of the defendants committed a tort and which Defendants' tortious conduct was in support of this alleged common plan. Plaintiff has not sufficiently pled the necessary elements to state a concerted action claim, and even

considering his pro se status and the early stage of the litigation, the Court can find no such plausible claim. Accordingly, the claim of concerted action (Count Five) is dismissed.

### D.    Punitive Damages

Plaintiff asserts a claim for punitive damages alleging that "Defendants have acted willfully, wantonly, with an evil motive, and recklessly…." Am. Compl. ¶ 78. The claim cannot stand.

[P]unitive damages are a remedy and not a separate cause of action." Eldridge v. Rochester City Sch. Dist., 968 F. Supp. 2d 546, 563 (W.D.N.Y. 2013); see also Harrison v. Rubenstein, 2007 WL 582955, at *21 (S.D.N.Y. Feb. 26, 2007) ("It is clear that there is no separate cause of action for punitive damages for pleading purposes under New York law."). As a result, Plaintiff has improperly pled punitive damages as a separate claim and Plaintiff's claim for punitive damages to the extent it is asserted as a separate cause of action, is dismissed. However, this does not mean that Plaintiff is barred from pursuing punitive damages as a form of monetary relief. It just simply may not stand as a separate cause of action.

### IV.    Leave to Amend

Under the Federal Rules, leave to amend is to be "freely give[n] when justice so requires. Fed. R. Civ. P. 15(a)(2). The Second Circuit has held that "a *pro se* litigant in particular 'should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" Dluhos v. Floating & Abandoned Vessel, Known as New York, 162 F.3d 63, 69 (2d Cir. 998) (quoting Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)). Nevertheless, even in the case of a pro se plaintiff, "[i]t is axiomatic that leave to amend need not be granted if to do so would be futile." Cruz v. Garden of Eden Wholesale, Inc., 2012 WL 5386046 (E.D.N.Y. 2012); see also Ashmore v. Prus, 510 F. App'x 47, 49 (2d Cir. 2013), cert. denied, 569 U.S. 959,

133 S. Ct. 2038, 185 L. Ed. 2d 887 (2013) ("leave to amend is not necessary when it would be futile."). This is true even when plaintiff is proceeding pro se. See Martin v. Dickson, 100 F. App'x. 14, 16 (2d Cir. 2004) (summary order).

Here, reading the Amended Complaint liberally, the Court recommends granting Plaintiff leave to amend his complaint for a second time only so that he may attempt to state a plausible clam for breach of implied warranties. The Court holds that re-pleading the other five causes of action that are dismissed would be futile, because the problems with them are substantive and improved pleading will not cure the deficiencies. See id.

Accordingly, this Court respectfully recommends that the Court grant Plaintiff leave to amend the Complaint solely with respect to his claim for implied breach of warranties.

CONCLUSION

For the foregoing reasons, this Court respectfully recommends that KIK's motion to dismiss, appearing as Docket Entry No. 97 herein, and Dow's motion to dismiss, appearing as Docket Entry No. 98 herein be granted in part and denied in part.

Specifically, the Court recommends that the motions be granted with respect to Plaintiff's claims of: (1) strict liability/failure to warn claim (Count One); (2) negligence (Count Two); (3) breach of implied warranties (Count Four); (4) concert of action (Count Five); (5) punitive damages (Count Six); and negligent misrepresentation (Count Seven).

The Court recommends that the motions be denied with respect to the Plaintiff's breach of express warranty claim (Count Three), and that this claim proceed to discovery. The Court further recommends that Plaintiff be granted leave to amend only with respect to his claim for breach of implied warranty, and that no other amendment be allowed.

Accordingly, at this time, Plaintiff may proceed to discovery only as to his claim for breach of express warranty. While the implied warranty claim should also be dismissed at this time, Plaintiff should be given time to amend his complaint to attempt to state a claim for breach of implied warranty.  All other causes of action are recommended to be dismissed without leave to re-plead.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel and Plaintiff via ECF.  Furthermore, the Court directs Defense counsel to (1) to serve a copy of this Report and Recommendation by first class mail to Plaintiff at his last known addresses, and (2) to file proof of service on ECF by June 19, 2019.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated:  Central Islip, New York
        June 17, 2019

                                             /s/ Anne Y. Shields
                                            Anne Y. Shields
                                            United States Magistrate Judge