```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ISAAC LEVIN,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           16-CV-6631(JS)(AYS)

JOHNSON AND JOHNSON, a national for-
profit corporate entity, JOHNSON AND
JOHNSON CONSUMER COMPANIES, INC.,
a national for-profit entity, THE DOW
CHEMICAL COMPANY n/k/a DowDuPont, and
KIK CUSTOM PRODUCTS, INC.,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Isaac Levin, pro se
                    960 Cliffside Avenue
                    North Woodmere, New York 11581

For the Johnson     John D. Winter, Esq.
and Johnson         Louis M. Russo, Esq.
Defendants:         Michelle M. Bufano, Esq.
                    Patterson, Belknap, Webb & Tyler LLP
                    1133 Avenue of the Americas
                    New York, New York 10036

For Defendant Dow   Richard Weingarten, Esq.
Chemical:           Heather H. Kidera, Esq.
                    Joel Alan Blanchet, Esq.
                    Joseph B. Schmit
                    Phillips Lytle LLP
                    The New York Times Building
                    620 Eighth Avenue, 23rd Floor
                    New York, New York 10018

For Defendant KIK   Francis Peter Manchisi, Esq.
Custom Products:    Suma Thomas, Esq.
                    Thomas M. DeMicco, Esq.
                    Wilson, Elser, Moskowitz, Edelman & Dicker LLP
                    3 Gannett Drive
                    West Harrison, New York 10604
```

SEYBERT, District Judge:

Plaintiff Isaac Levin, proceeding pro se, commenced this action against the Johnson and Johnson defendants ("Johnson") on November 30, 2016. (Compl., D.E. 1.) He amended his Complaint to add Dow Chemical Company ("Dow") and KIK Custom Products, Inc. ("KIK") as defendants on July 2, 2018. (Am. Compl., D.E. 69.) He alleges that use of Johnson's baby shampoo caused a tumor on his head. While discovery was ongoing, Dow and KIK each moved to dismiss the Amended Complaint. (Dow Mot., D.E. 98; KIK Mot., D.E. 97.) Johnson did not move to dismiss the Amended Complaint. Plaintiff opposed both motions. (Opp. to Dow, D.E. 106; Opp. to KIK, D.E. 107.) Judge Bianco referred the motions to Magistrate Judge Anne Y. Shields.[1]

The facts of this case are set forth in Judge Shields' Report and Recommendation (R&R, D.E. 143) and will be discussed here only for the purpose of evaluating the parties' specific arguments and objections. Familiarity with the underlying record is presumed.

I.  BACKGROUND

On June 17, 2019, Judge Shields issued her R&R recommending that the Court grant the motions in part and deny them in part, specifically by GRANTING the motions to dismiss with

---

[1] On May 31, 2019 the case was reassigned to the undersigned.

2

respect to Plaintiff's claims of strict liability/failure to warn (Count 1); negligence (Count Two); breach of implied warranties (Count 4); concert of action (Count Five); punitive damages (Count Six); and negligent misrepresentation (Count Seven) and by DENYING the motions to dismiss with respect to Plaintiff's breach of express warranty claim (Count Three) and allowing that claim to proceed to discovery. The R&R further recommends that Plaintiff be granted leave to amend only with respect to his claim for breach of implied warranty (Count Four) and that no other amendments be allowed. (See R&R.)

Plaintiff requested an extension of time to file objections (D.E. 147) and this Court granted the request. Plaintiff and KIK timely filed objections in accordance with the Court's July 15, 2019 deadline (Pl. Obj, D.E. 150; KIK Obj., D.E. 149). Dow did not file objections. No party responded to Plaintiff or KIK's objections.

This Court "may accept, reject, or modify the recommended disposition" and "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72. "When a party makes no objections, or where it makes only conclusory or general objections, courts will review the magistrate's findings for clear error." Pagan v. Brown, No. 07-CV-0453, 2011 WL 3235769, at *1 (E.D.N.Y. July 28, 2011), aff'd, 485 F. App'x 454 (2d Cir. 2012).

II. THE PARTIES' OBJECTIONS

    A. KIK's Objections

Defendant KIK objects to the recommendation that its motion to dismiss be denied as to Count Three (breach of express warranty) and the R&R's conclusion that the claim is timely. KIK "disagrees with Judge Shields' finding that plaintiff complied with the [four-year] statute of limitations by moving to amend his complaint on November 13, 2017, which was before the expiration of the four year period" at the end of December 2017. (KIK Obj. at 2.) KIK appears to believe that Plaintiff had not commenced the amendment process until the Court ruled on his motion to amend. KIK offers no legal basis for its argument. The Court notes that after Plaintiff was granted leave to amend the Complaint on June 28, 2018, he did so four days later, on July 2, 2018. (See D.E. 68, 71, 69.) Thus, the Court agrees with Judge Shields' that Plaintiff "began the amendment process within the four-year statute of limitations period and therefore his claims are deemed timely." (R&R at 12.)

KIK alternatively argues that the operative date for statute of limitations purposes is the "tender of delivery" of the product and that Plaintiff's Complaint does not plead a date when KIK, a bulk supplier, tendered delivery of the product to Johnson. (KIK Obj. at 2-3.) In its motion to dismiss, however, KIK conceded that warranty claims against it should have been brought in 2017,

4

no more than four years after Plaintiff's last purchase of the shampoo in December 2013. (KIK Br., D.E. 97-1, at 7-8 ("Even if Plaintiff purchased his last bottle of baby shampoo in December 2013, the breach of warranty claims . . . should have been commenced no more than four years later, in 2017.").) KIK made no argument that Plaintiff had not alleged a specific date for KIK's tender of delivery. "[E]ven in a de novo review of a party's specific objections, the court will not consider 'arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance.'" Brown v. Smith, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (citing Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (second alteration in original); see also Wesley v. Alexander, No. 99-CV-2168, 2005 WL 1352593, at *6 (S.D.N.Y. June 8, 2005)(because magistrates play a crucial role within the federal judicial framework by assuming "some of the burdens imposed [on the district courts] by a burgeoning caseload," . . . "[t]he law is clear that when a dispositive motion is heard before a magistrate judge, the [litigants] must make all . . . arguments then and there, and cannot later add new arguments at subsequent stages of the proceedings" without a compelling reason) (internal quotation marks and citation omitted; alterations in original). Thus, KIK's

objections are OVERRULED and its motion to dismiss is DENIED as to Count Three (breach of express warranty).

B. <u>Plaintiff's Objections</u>

1. <u>Counts One (Strict Liability/Failure to Warn), Two (Negligence) and Seven (Negligent Misrepresentation</u>

Plaintiff objects to the R&R's recommendation that Counts One (strict liability/failure to warn), Two (negligence), and Seven (negligent misrepresentation) be dismissed as time-barred. The R&R applied New York's three-year statute of limitations for personal injury tort claims. (R&R at 8.) The R&R finds that "Plaintiff's [First, Second, and Seventh] claims accrued, <u>i.e.</u>, the statute began to run, at the latest, in January 2014, when his tumor was diagnosed and at which point, based on his allegations, he had already learned about the connection between the product and his condition." (R&R at 10.) It notes that he timely commenced the action against Johnson in November 2016 but "did not move to add either Dow or KIK as defendants until November 2017[,]" well after the period expired in January 2017. (R&R at 10.)

Plaintiff does not contest that the applicable statute of limitations for these claims is three years. Rather, he makes a tolling argument, claiming that when he commenced the action against Johnson in November 2016, he "lacked any knowledge that Johnson did not manufacture a drop of the product itself.

6

Therefore, Plaintiff had no reason to include either Dow o[r] KIK when he first brought suit. . . . This discovery wasn't made until June 2017, which led Plaintiff to immediately seek leave of court to amend and include Dow and KIK as [ ] defendants." (Pl. Obj. at 6.) He cites Judge Bianco's ruling granting his motion to amend the complaint to add Dow and KIK (Order, D.E. 71), where Judge Bianco stated that Plaintiff did not have sufficient information to add them as defendants until shortly after a June 1, 2017 discovery deadline. (Tr., D.E. 73, 10-12:12.)

This Court notes that Judge Bianco's order specifically stated that Defendants had not addressed whether the proposed amendment to add parties would be futile and did not "conclude . . . right now that adding KIK and Dow would be futile under a motion to dismiss standard." (Tr. 15:14-17.) An amendment will be denied as futile "if the proposed claim could not withstand a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6)." Romero v. Bestcare, Inc., No. CV 15-7397, 2018 WL 1702001, at *3 (E.D.N.Y. Feb. 28, 2018), R&R adopted, 2018 WL 1701948 (E.D.N.Y. Mar. 31, 2018) (internal quotation marks and citation omitted). "Arguments as to whether the proposed claim is timely under the relevant statute of limitations are evaluated under the futility test." Id. at *7 n.13. The parties did not address futility or applicable statutes of limitations in connection with Plaintiff's motion to amend to add KIK and Dow, and there has been no ruling on the issue

7

in this case. (Tr. 15:3-16:1; see A.H. Lundberg Assocs., Inc. v. TSI, Inc., No. C14-1160, 2016 WL 9226998, at *11 (W.D. Wash. Feb. 18, 2016) (the parties should not "infer a strong inclination from the court regarding the merits of [a] subsequent motion to dismiss based simply on the court's deference-bound decision on [a] motion to amend, particularly when the court has already indicated its desire for further briefing on the merits.").)

Notwithstanding the decision on the motion to amend, this Court finds that Plaintiff's claims are barred by the applicable statute of limitations and no tolling exception applies. Under New York law, which governs this action, see Diffley v. Allied-Signal, Inc., 921 F.2d 421, 423 (2d Cir. 1990), the statute of limitations begins to run "from the date of discovery of the injury or from the date when such injury should have been discovered. Discovery occurs when the injured party discovers the primary condition on which the claim is based." Trisvan v. Heyman, 305 F. Supp. 3d 381, 396 (E.D.N.Y. 2018) (quoting Bethpage Water Dist. v. Northrop Grumman Corp., 884 F.3d 118, 125 (2d Cir. 2018) (citing N.Y. C.P.L.R. § 214-c)). "A delay before the connection between the symptoms and the injured's exposure to a toxic substance is recognized does not delay the start of the limitations period [and] [t]he three-year statute of limitations of CPLR 214-c(2) runs from the time a plaintiff discovers an injury, that is, from the time [ ]he realizes that [

8

]he has the physical manifestations of illness, regardless of when [ ]he learns of the cause." Id. (internal quotation marks and citations omitted).

Plaintiff argues that New York's tolling provision should apply here. That provision provides:

> where the discovery of the cause of the injury is alleged to have occurred less than five years after discovery of the injury . . . an action may be commenced or a claim filed within one year of such discovery of the cause of the injury . . . [In such case,] plaintiff or claimant shall be required to allege and prove that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the period within which the action or claim would have been authorized.

N.Y. C.P.L.R. 214-c. The Court finds this provision does not apply. Section 214-c "enact[ed] a discovery rule for tort cases based on exposure to toxic substances that cause imperceptible injuries at the time of exposure." Practice Commentary, N.Y. C.P.L.R. § 214-c. That rationale for tolling the statute of limitations does not apply here. Plaintiff was aware of his injuries in January 2014. He was also aware of their alleged cause. Section 214-c will not toll the time to add additional defendants where the injury and cause are known. Judge Barbara S. Jones of the Southern District of New York considered and rejected Plaintiff's exact argument. Like Judge Jones, the Court finds that

9

> [t]he discovery rule does not apply in this case. [Plaintiff] knew the [alleged] cause of his injury . . . when he was diagnosed . . . in [January of 2014]. [ ] Thus, Plaintiff cannot allege in the Complaint, let alone prove, that the cause of the injury remained unknown because the 'technical, scientific or medical knowledge' had not yet been discovered. Essentially, Plaintiff relies on the argument that the discovery rule should apply in cases where the plaintiff does not know who caused the injury versus what caused the injury. [ ] [T]he language of the statute referring to 'technical, scientific or medical knowledge' does not support this reading. Since Plaintiff knew the cause of his injury in [January of 2014], the discovery rule does not apply in this case and cannot toll the statute of limitations.

Fisher v. APP Pharm., LLC, 783 F. Supp. 2d 424, 431 (S.D.N.Y. 2011) (emphasis in original). Thus, Plaintiff's objections are OVERRULED and Counts One, Two, and Seven are DISMISSED.

### 2. Count Four (Breach of Implied Warranty)

Plaintiff next objects to the R&R's finding that he did not adequately allege the elements of breach of implied warranty (Count Four). As the R&R recommends that Plaintiff be granted leave to amend Count Four, the Court OVERRULES this objection as moot. Count Four is DISMISSED without prejudice and with leave to amend.

### 3. Count Five (Concert of Action)

Plaintiff also objects to the R&R's finding that he did not adequately allege concert of action (Count Five). (Pl. Obj. at 12-15.) According to the R&R, Plaintiff has not alleged "what

10

common plan the Defendants devised, how each of the [D]efendants committed a tort and which Defendants' tortious conduct was in support of this alleged common plan." (R&R at 22.) Plaintiff argues that "at a minimum, [he] has sufficiently alleged that the Johnson Defendants worked in concert with Dow and KIK in the manufacture, distribution, marketing and promoting the product to the public at large as 'safe.'" (Pl. Obj. at 13.) However, as the R&R notes, "[p]arallel activity among companies developing and marketing the same product, without more . . . is insufficient to establish the agreement element necessary to maintain a concerted action claim." Rastelli v. Goodyear Tire & Rubber Co., 79 N.Y.2d 289, 295, 591 N.E.2d 222, 224, 582 N.Y.S.2d 373 (1992) (internal quotation marks and citation omitted). In conducting a de novo review, the Court finds that the Amended Complaint does not plausibly allege concert of action. Plaintiff's objection is OVERRULED and Count Five is DISMISSED.

    4. Repleading

Plaintiff objects to the R&R's finding that repleading Counts One, Two, Five, Six, and Seven would be futile because the problems with them are substantive and improved pleading will not cure the deficiencies, and to the recommendation that he only be granted leave to amend Count Three.

As discussed, Counts One, Two, and Seven, the Court holds that they are time-barred, a substantive issue that repleading

11

will not cure. Thus, Plaintiff's objection is OVERRULED and Plaintiff is not given leave to replead Counts One, Two, and Seven.

As discussed, Plaintiff has not adequately alleged concert of action, and the Court agrees with the R&R's recommendation that Count Five be dismissed. However, the Court MODIFIES the R&R to the extent that it grants Plaintiff leave to replead Count Five. The Court finds that the Amended Complaint does not contain sufficient factual allegations to support his claim that "Defendants knew that the product should contain warnings on the risk of cancer and allergic skin reactions posed by consumers using the product, but purposefully sought to suppress such information and omit warnings to its consumers so as not to negatively affect sales and maintain the profits of the Defendants." (Am. Compl. ¶ 75.) However, based on Plaintiff's representations regarding emails exchanged between Defendants, there is a possibility that he could include sufficient facts if given the opportunity to replead.

The Court notes that Plaintiff does not object to the recommendation that Count Six (punitive damages) be dismissed. Without objection, in reviewing the recommendation that Count Six be dismissed for clear error, the Court finds none, and thus, Count Six is DISMISSED. Because Plaintiff does not object to the dismissal of Count Six, the Court does not construe his objections

as to repleading to include an objection to the R&R's recommendation that he not be allowed to replead Count Six.

## CONCLUSION

Thus, the parties' objections are OVERRULED and Judge Shields' R&R is ADOPTED in part and MODIFIED in part. Accordingly, the motions to dismiss are GRANTED in part and DENIED in part. The motions are granted with respect to Counts One, Two, Four, Five, Six, and Seven, and those counts are DISMISSED. The motions are DENIED with respect to Count Three. Plaintiff is given leave to replead Count Four (breach of implied warranties) and Count Five (concert of action) in accordance with Judge Shields' R&R and this Order. If Plaintiff wishes to amend his Amended Complaint as to Count Four and Count Five, he shall do so within 30 days of this Order. If he does not do so within 30 days, his claims for breach of implied warranty (Count Four) and concert of action (Count Five) will be DISMISSED. Plaintiff is cautioned that any Second Amended Complaint will completely replace the Amended Complaint. (D.E. 69.) Thus, if Plaintiff also wishes to proceed with Count Three (breach of express warranty), which has not been dismissed, he shall include it in the Second Amended Complaint.

The parties shall continue with discovery in accordance with Judge Shields' orders.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August   23  , 2019
       Central Islip, New York