January 6, 2020

**VIA ECF**

Hon. Joanna Seybert, Senior Judge
United States District Court
100 Federal Plaza
Central Islip, NY 11722

RE:  Levin v. Johnson & Johnson, Johnson & Johnson Consumer Products, Inc.
     Case No.: 16-cv-6631-JFB-AYS

Dear Judge Seybert,

As the Court is now aware, my name is Isaac Levin, the Pro Se Plaintiff and the injured party in the above-subject matter (hereinafter referred to as "Levin").

Levin has some medical issues and left the hospital several month ago against medical advice. Levin may have to return without notice. Therefore, Levin is seeking help from this court. This motion is not for Magistrate Judge Shields. Magistrate Judge Shields never responded to Levin since the start of this action. Here are some of the words of Judge Bianco: "*Magistrate Judge Shields did not issue an order in response to that letter. And then he finally filed the pre-motion letter before me.*"

Pursuant to this Court's individual practices, Levin writes to request a pre-motion conference seeking leave to file a motion in limine to exclude certain expert reports proffered by the Johnson Defendants. This letter summarizes the bases for such a motion.

On October 11, 2019, Levin directed to this Court a motion to strike the expert reports of the Johnson Defendants. [ECF#164]. This motion ended up in the hands of Magistrate Judge Anne Shields. There is no record to suggest that this court forwarded the motion to the magistrate judge.

The opinion of the magistrate judge is well known to Levin – dismiss with prejudice. According to the magistrate judge, the Johnson Defendants delivered certain documents twice but can't show when and where these requested documents were delivered even once. *See also* ECF#172. A request for clarification was filed with the magistrate judge on August 13, 2019 [ECF#152]. Levin asked a simple question. Is the deposition of Dr. Seal contingent to the deposition of Levin's expert witness. Today, five months after, no response from the magistrate judge has been received. This has been a pattern of conduct by Magistrate Shields since this action commenced.

If Judge Bianco was a CEO of an entity and magistrate judge the executive secretary, she would be led to the door never to come back.

Levin demonstrated in multiple forms that the magistrate judge did not respond to any inquiry of Levin or request made to the magistrate judge. Judge Bianco noticed it as well. Levin

1

concluded that the magistrate judge is a hostile judge either because Levin is pro se or that the magistrate judge was compromised by the Johnson Defendants. It is outrageous to see how the magistrate judge elected to ignore the adding of an illegal and toxic ingredient to so many products used daily by everyday Americans. Word to word the magistrate judge repeats the Johnson Defendants' statements.

Nevertheless, in the motion Levin demonstrated that Johnson Defendants are liars, their witnesses lied, their attorney lied and that the Johnson Defendants 'directly and intentionally' add an illegal ingredient known as formaldehyde (CAS#50-00-0) to approximately 50 of their consumer products. It is a pattern of the Johnson Defendants to lie.

The documents speak for themselves. Yet, the magistrate judge elected to completely ignore the motion and its content. Her text decision is shameful and only suggests that the magistrate judge is aiding and abetting the Johnson Defendants to cover up the amount of formaldehyde in the 50 products, among them the baby shampoo, which was the cause of Levin's injuries. Levin has shown that the magistrate judge does not read a single word written by Levin. NOT A SINGLE WORD.

The deposition of Dr. Jeffrey D. Lazar, Defendants' expert, took place on March 13, 2019 in Austin, Texas. Levin believes that the expert report proffered was written by someone else other than Dr. Lazar and Dr. Lazar's name was simply used to seal the deal. At this time, Levin is sure that the report was written by Counsel for Defendants, and the postponement of the deposition was merely a ruse to give Defendants time to try to educate Dr. Lazar on the fabricated report's contents. In support, Levin found during the deposition that Dr. Lazar had **no clue** as to several of the key and material contents of "his" report. His testimony was riddled with contradictory statements and "unknowns" regarding material matters from "his" own report. On this basis alone, the report by Dr. Lazar should be stricken from consideration in this matter.

Dr. Lazar's report relies heavily on the testimony of Dr, Swei. On April 23, 2018, Levin took the deposition of Dr. Homer Swei, who Defendants claimed to be the corporate witness with the most knowledge of said matters. Levin demonstrated, based on Johnson's own documents that Dr. Swei lied under oath on multiple occasions and assisted by his attorney. Therefore, the expert report of Dr. Lazar should be stricken.

Levin is also looking to strike the expert testimony of Dr. Seal. Dr. Seal again relied on the deposition of Dr. Swei and the documents shown to him by the Johnson Defendants. Those documents are listed in ECF #172-page ID #2915. The magistrate judge repeats that those documents were provided twice. Neither the magistrate judge nor the Johnson Defendants can show when or where those documents were produced even once. The magistrate judge simply repeats the lie of the Jonson Defendants.

Regardless, what it amounts to is a simple fact. The Johnson Defendants appeared to hide the true facts from Dr. Lazar and Dr. Seal and therefore their expert report lacks merit. The documents show that a forbidden ingredient was added 'directly and intentionally' to approximately 50 products, among them the baby shampoo.

      Levin is entitled to make the case. The magistrate judge, for unknown reason is protecting the Johnson Defendant. Levin never agreed to be judged by the magistrate judge. Here all the crucial decisions are made by the magistrate judge. All the decisions of the magistrate judge are against Levin.

      For the foregoing reasons, Levin respectfully seeks a conference to set a briefing schedule for Levin's motion in limine to exclude the expert reports of Dr. Lazar and Dr. Seal. If granted leave, Levin will be able to file its motion promptly.

                                       Respectfully submitted,

                                       /s/ Isaac Levin
                                     ISAAC LEVIN
                                     *Pro Se Plaintiff*
                                     960 Cliffside Avenue
                                     N. Woodmere NY 11581
                                     Isaaclevin2010@gmail.com
                                     516-374-0188

All Counsel(s) of record via ECF.