February 4, 2020

**VIA ECF**

Hon. Gary R. Brown
United States District Court
100 Federal Plaza
Central Islip, NY 11722

  **RE:** Levin v. Johnson & Johnson, Johnson & Johnson Consumer Products, Inc.
     Case No.: 16-cv-6631-JFB-AYS

Dear Judge Brown,

  My name is Isaac Levin, the Pro Se Plaintiff and the injured party in the above-subject matter (hereinafter referred to as "Levin").

  Levin would like to welcome this court to this action. It appears that the President of the United States 'took away' Judge Bianco to the circuit court and in return elevated this court to a district court judge into this case. Judge Bianco, in a stunning decision, granted Levin's motion to amend. [ECF #71] Therefore, Levin is seeking help from this court.

  Magistrate Judge Shields has never responded to Levin since the start of this action. In fact, here are some of the words of Judge Bianco:

*…two days before the deadline, he submitted the letter to Magistrate Judge Shields detailing the various discovery disputes, including his dissatisfaction with the responses to interrogatories and extension to allow him to possibly amend the complaint. Defendants responded that plaintiff had submitted the letter without meeting and conferring. Accordingly, Magistrate Judge Shields did not rule <u>on any of plaintiff's requests</u>, including his request for an extension of the deadline, but instead ordered the parties to meet and confer.*

*Levin contacted Counsel for Johnson Defendants and stated 'I would like you to agree to amend the complaint by July 1. If not, I will make the case to the judge.' Eleven days later he submitted the letter to the Magistrate Judge reiterating his request to amend the scheduling order, and Magistrate Judge Shields <u>did not</u> issue an order in response to his request. On September 25th he submitted another letter to Magistrate Judge Shields and again repeated his request for additional time to possibly amend the complaint.*

*Magistrate Judge Shields <u>did not</u> issue an order in response to that letter. And then he finally filed the pre-motion letter before me.*

*So it's clear to me, based upon all the circumstances I outlined here, that he was trying to preserve his ability to amend the complaint, both with opposing -- the opposing party and with Magistrate Judge Shields, <u>who did not issue orders in response to his various requests.</u>"*

1

*"Magistrate Judge Shields <u>did not</u> issue an order in response to that letter. And then he finally filed the pre-motion letter before me."*

Levin is an injured person. Levin fully believes that using Johnson's baby shampoo for 30+ years caused the injury. The injury could be seen at **Exhibit "115."**

Levin writes to request a pre-motion conference to review by this court an earlier motion to strike the 'expert witnesses' produced by the Johnson Defendants. [ECF #164] it clearly shows how toxins are entered into 50 different products of women, men and children 'directly and intentionally.' This motion was directed to Judge Seybert and somehow taken over by the Magistrate judge. In the alternative Levin is seeking leave to file a motion in limine to exclude the same expert reports proffered by the Johnson Defendants. This letter summarizes the bases for such a motion.

On October 11, 2019, Levin directed to Judge Seybert a motion to strike the expert reports filed by the Johnson Defendants. [ECF#164]. This motion ended up in the hands of Magistrate Judge Anne Shields. There is no record to suggest that Judge Seybert forwarded the motion to the magistrate judge.

The opinion of the magistrate judge is well known to Levin – dismiss this case with prejudice in favor of Johnson Defendants. According to the magistrate judge, the Johnson Defendants delivered certain documents twice but neither she nor the Johnson Defendants can show when and where these requested documents were delivered to Levin even once. *See also* ECF#172. A request for clarification was filed with the magistrate judge on August 13, 2019 [ECF#152]. Levin asked a simple question. Is the deposition of Dr. Seal contingent to the deposition of Levin's expert witness? Today, seven months later, no response from the magistrate judge has been received. This has been a pattern of conduct by Magistrate Shields since this action commenced.

Levin demonstrated in multiple forms that the magistrate judge did not respond to any inquiry of Levin or request made to the magistrate judge. Judge Bianco noticed it as well. Levin concluded that the magistrate judge is a hostile judge either because Levin is *pro se* or that the magistrate judge was compromised by the Johnson Defendants. It is outrageous to see how the magistrate judge has elected to ignore the adding of an illegal and toxic ingredient to so many everyday consumer products used daily by individuals around the world. Word for word, and time and time again, the magistrate judge repeats the Johnson Defendants' statements.

Nevertheless, in the motion, Levin demonstrated that Johnson Defendants are liars, their witnesses lied, their attorney lied and that the Johnson Defendants 'directly and intentionally' add an illegal ingredient known as formaldehyde (CAS#50-00-0) to approximately 50 of their consumer products. It is a pattern of the Johnson Defendants to lie and cover up their wrongdoing.

The documents speak for themselves. Yet, the magistrate judge elected to completely ignore the motion and its content. Her text decision is shameful and only suggests that the

2

magistrate judge is aiding and abetting the Johnson Defendants to cover up the amount of formaldehyde in the 50 products, among them the baby shampoo, which was the cause of Levin's injuries. Levin has shown that the magistrate judge does not read a single word written by Levin. NOT A SINGLE WORD.

      The deposition of Dr. Jeffrey D. Lazar, Defendants' expert, took place on March 13, 2019 in Austin, Texas.   Levin believes that the expert report proffered was written by someone else other than Dr. Lazar and Dr. Lazar's name was simply used to seal the deal.   At this time, Levin is sure that the report was written by Counsel for Defendants, and the postponement of the deposition was merely a ruse to give Defendants time to try to educate Dr. Lazar on the fabricated report's contents. In support, Levin found during the deposition that Dr. Lazar had **no clue** as to several of the key and material contents of "his" report.  His testimony was riddled with contradictory statements and "unknowns" <u>regarding material matters from "his" own report</u>. On this basis alone, the report by Dr. Lazar should be stricken from consideration in this matter.

      Dr. Lazar's report relies heavily on the testimony of Dr, Swei.  On April 23, 2018, Levin took the deposition of Dr. Homer Swei, who Defendants claimed to be the corporate witness with the most knowledge of said matters.  Levin demonstrated, based on Johnson's own documents that Dr. Swei lied under oath on multiple occasions and assisted by his attorney. Therefore, the expert report of Dr. Lazar should be stricken.

      Levin is also looking to strike the expert testimony of Dr. Seal.  Dr. Seal again relied on the deposition of Dr. Swei and the documents shown to him by the Johnson Defendants. Those documents are listed in ECF #172-page ID #2915. The magistrate judge repeats that those documents were provided twice. Neither the magistrate judge nor the Johnson Defendants can show when or where those documents were produced even once. The magistrate judge simply repeats the lie of the Jonson Defendants.

      Regardless, what it amounts to is a simple fact. The Johnson Defendants appeared to hide the true facts from Dr. Lazar and Dr. Seal and therefore their expert report(s) lack any credibility or merit. The documents show that a forbidden ingredient was added 'directly and intentionally' to approximately 50 products, among them the baby shampoo.

      Levin is entitled to make the case. The magistrate judge, for unknown reasons, is protecting the Johnson Defendants. Levin never agreed to be judged by the magistrate judge. Here all the crucial decisions are made by the magistrate judge. All the decisions of the magistrate judge are against Levin.

      For the foregoing reasons, Levin respectfully seeks a conference to set a briefing schedule for Levin's motion in limine to exclude the expert reports of Dr. Lazar and Dr. Seal. In the alternative, Levin is seeking to refill ECF#164 for this Honorable Court to review. The exhibits should turn any consciously person's blood to yellow just seeing how children bath with Toxins and how Johnson lie to the government agencies and the public.

        Respectfully submitted,

        /s/ Isaac Levin
        ISAAC LEVIN
        *Pro Se Plaintiff*
        960 Cliffside Avenue
        N. Woodmere NY 11581
        Isaaclevin2010@gmail.com
        516-374-0188

All Counsel(s) of record via ECF.