February 26, 2020

**VIA ECF**

Hon. Gary R. Brown
United States District Court
100 Federal Plaza
Central Islip, NY 11722

**Letter/Motion to Compel**

**RE:   Levin v. Johnson & Johnson, Johnson & Johnson Consumer Products, Inc.
         Case No.: 16-cv-6631-GRB-AYS**

Dear Judge Brown,

As the Court is aware, my name is Isaac Levin, the Pro Se Plaintiff and the injured party in the above-subject matter (hereinafter referred to as "Levin").

Levin is elated from the fact that finally there is a judge who will be able to look at the facts in this case and provide fair and impartial adjudications on the merits. Most likely Levin gained another several years to live.

The issue is no longer whether Levin was injured from the 'direct and intentional' adding of formaldehyde to approximately 50 products of Johnson. In the 1980's, the EPA declared FA (formaldehyde) as a probable human carcinogen and in 2004 the IARC declared formaldehyde as a human carcinogen. Thereafter, several other US agencies declared that FA is a human carcinogen. Levin in ECF #164 demonstrated, based on Defendant Johnson's own documents, that they added a human carcinogen 'directly and intentionally' to approximately 50 products. Even though they added FA directly and intentionally, it was not listed on the ingredient label.

In ECF#174 Levin made ref to Exhibit #115 but failed to upload it. It is now uploaded. The Court can now see the extent of Levin's injury.

In ECF# 164 Levin demonstrated that Johnson concocted the expert reports of Dr. Lazar and Dr. Seal.

Accordingly, Levin has several issues that need this Court's resolution.

The Johnson Defendants identified Dr. Seal as an expert and subsequently filed his expert report on January 17, 2019, [ECF#124-13, PageId #:1344], and therefore, Levin is entitled to depose Dr. Seal pursuant to applicable Rules of Civil Procedure. Specifically, Rule 26(b)(4)(A) provides that:

*Deposition of an Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.*

1

However, contrary to the above the Johnson Defendants have taken the position that they will not provide Dr. Seal for a deposition until such time that:

> "The J&J Defendants will address the production of Dr. Seal for a deposition after receipt of Plaintiff's affirmative expert report(s) in support of Plaintiff's claims."

This lacks support by any provision of the Federal Rules. Furthermore, On September 24, 2019 the Magistrate Judge confirmed a new schedule. [ECF#159]. Defendants, Dow and KIK, in their proposed new schedule, footnote 2, state the following:

> "Plaintiff reserves the right to seek to depose Dow and KIK Custom Products, Inc.'s expert witness(es) even if he does not retain any expert witness(es). Defendants likewise reserve the right to object to the taking of expert depositions if Plaintiff does not retain any expert witness(es)."

Defendants jumped on the band wagon when Levin stated that he may not provide an expert report. Levin is now working on an expert report which will be filed timely. There is no provision in the FRCP to support the contingency of a deposition of defendant's expert on whether Plaintiff will retain an expert witness.

Therefore, Levin is seeking a court order to maintain the scheduled deposition of Dr. Seal now due on March 25, 2020. Levin approached the Magistrate Judge more than once but to no avail.

In ECF#164 Levin, on the deposition of Dr. Swei, the 30(b)(6) witness of Johnson, demonstrated how Dr. Swei was continuously lying. Dr. Lazar constructed his expert report on the lies of Dr. Swei. While Levin has the intentions to attack it in the motion in limine, Levin also believes, that because they lied, Levin is entitled at this time to explore their lies with a second deposition. Dr. Swei is cc'd on all the email exchanges by the defendant and in fact was appointed the project manager to remove the toxins from the Product.

As we know now, the Johnson baby shampoo (the "Product") contained two toxins. FA and 1,4 dioxane. Therefore, Levin in interrogatories tried to explore both toxins. Levin did not know that interrogatories are limited to 25 only. The Johnson Defendants made a big deal out of it and approached the Magistrate Judge. Levin stated:

> "In another attempt at delay and in opposition to Levin's reasonable requests, Defendants filed a letter with the Court (Doc#36) standing for the proposition that expanding the interrogatories would be inconsistent with Rule 26(b)(1) and 26(b)(2) citing Demeade v. King, No. 00-cv-0407E(F) 2001 U.S. Dist. LEXIS 26998 at *3 (W.D.N.Y. Dec 6, 2001)[1] See Exhibit "A." However, in Demeade, Judge John T. Elfin concluded that, "Accordingly, it is hereby ORDERED that plaintiffs' motion to exceed twenty-five interrogatories is granted and that

---

[1] Defendants indicated that this case law is hard to find and therefore is providing the Court with a copy as exhibit "A".

Defendants are ordered to answer each interrogatory in plaintiffs' January 5, 2001 request." Thus, Defendants' reliance on this case is misplaced at best." [Ecf #38]

The Magistrate Judge as usual rejected Levin's argument even though Levin was supported by case law from the Western District of New York.

When the Johnson defendants promised to deliver a peer report on FA, and the date and manufacturing plant of the last bottle of baby shampoo used by Levin, the Johnson defendants relied on the fact that the MJ permitted 25 interrogatories only.

At this time, Levin has propounded 28 interrogatories on KIK and possibly two sub interrogatories. KIK requested additional time to respond. In consideration, Levin requested that they respond to the 28 interrogatories. Levin believes that it is fair exchange. But KIK elected to respond to 25 interrogatories only.

The following are the three additional interrogatories:

**Interrogatory No. 26:**

Please identify all the Johnson products that you manufacture for Johnson that include Q-15.

**Interrogatory No. 27:**

Please identify all the Johnson products that you manufacture for Johnson that include a surfactant. (Levin believes that the surfactant contains (30% FA)

**Interrogatory No. 28:**

As to 22(a) please identify the manufacturer of the surfactant to each product and their product number.

In consideration of the above, Levin is asking for a court order to compel KIK to truthfully respond to all 28 interrogatories.

Respectfully submitted,

/s/ Isaac Levin
ISAAC LEVIN
*Pro Se Plaintiff*
960 Cliffside Avenue
N. Woodmere NY 11581
Isaaclevin2010@gmail.com
516-374-0188

All Counsel(s) of record via ECF.