# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

March 5, 2020

Louis M. Russo
Associate
(212) 336-2298
Direct Fax: (212) 336-7913
lmrusso@pbwt.com

**By ECF**

Hon. Gary R. Brown, U.S.D.J.
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    <u>Levin v. Johnson & Johnson et al., 16-cv-6631-JFB-AYS.</u>

Dear Judge Brown:

      We represent Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively "J&J Defendants") in the above referenced action. We write in response to the Court's February 20, 2020 order to provide a status update to the Court. As discussed in further detail below, despite Plaintiff's delay, this case is ripe for summary dismissal, and the J&J Defendants anticipate filing their renewed summary judgment brief on September 4, 2020.

      Plaintiff commenced this action on November 30, 2016, over three years ago, against the J&J Defendants. Thereafter, on February 1, 2017, Magistrate Judge Shields held an initial status conference and entered a discovery schedule. Under that schedule, all discovery, including expert discovery, was to be completed on May 1, 2018.

      As the parties proceeded through the Court's original discovery schedule, the J&J Defendants complied with every deadline on that schedule. Throughout the initial course of discovery, Plaintiff and the J&J Defendants agreed to mutual extensions of interim discovery deadlines. These extensions were because Plaintiff served interrogatories and requests for document production on a staggered basis, and Defendants sought to respond concurrently, and Plaintiff's request for additional time to respond to discovery requests due to the Passover holiday. In addition, as a courtesy to Plaintiff, in early 2017, the J&J Defendants consented to multiple extensions of the deadline for leave to amend the complaint.

      By late May 2017, it became clear that Plaintiff intended to continue to delay resolution of this case and, thus, the J&J Defendants stopped agreeing to extend the discovery schedule and the date for amendment of the complaint. Thereafter, Plaintiff requested an elongated discovery schedule, and also raised issues with the J&J Defendants' response to interrogatories. On November 20, 2017, Magistrate Judge Shields granted Plaintiff's request to

Hon. Gary R. Brown, U.S.D.J.
March 5, 2020
Page 2

extend the schedule, but denied Plaintiff's request to expand the number of permitted interrogatories and to compel additional responses from the J&J Defendants.

Thereafter, Magistrate Judge Shields entered an elongated discovery schedule, which provided that all discovery was to be completed by March 15, 2019. Under that operative schedule, the deadline for Plaintiff's expert disclosure was October 12, 2018. Plaintiff never served an expert report. Over the course of discovery, JJCI and Plaintiff had the opportunity to depose: Plaintiff; his daughter; a third-party reporter, Stacey Malkan; three of Plaintiff's treating physicians; and a corporate representative of JJCI, Dr. Homer Swei. Additionally, over the course of that same discovery period, JJCI disclosed the expert testimony of both Drs. Jeffrey Lazar and Dennis Seal. Plaintiff had an opportunity to depose both Doctors, but chose only to depose Dr. Lazar. The J&J Defendants even accommodated Plaintiff's request to depose Dr. Lazar after moving for summary judgment. The J&J Defendants motion for summary judgment was denied without prejudice, after the Court gave Plaintiff until January 20, 2020 to serve an expert report. This deadline was again extended through April 22, 2020. Plaintiff has not yet served an expert report.

Since the deposition of Dr. Lazar, Plaintiff has not engaged in any meaningful discovery with the J&J Defendants. Instead, he filed a series of motions to strike, compel, stay, issuance of preliminary injunction and, most recently, a *in limine* motion to exclude the J&J Defendants' experts. The Court denied Plaintiff's initial emergency motion, and has repeatedly denied Plaintiff's request for the same relief in different forms. As the J&J Defendants have briefed to the Court, Plaintiff's continued requests for identical relief reflects his continued disregard for the rules and procedures that govern litigation in federal courts. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") Plaintiff is aware that he is not permitted to make repeated submissions to the Court requesting the same relief that has been denied in the past— that case law was included in the J&J Defendants prior briefing. (See ECF Dkt. 166 at 8). Moreover, Plaintiff has a history of being sanctioned for disobeying court orders. *MCI Worldcom, Inc. v. Levin*, 31 F. App'x 757, 758 (2d Cir. 2002) ("The record reveals that Levin willfully and repeatedly failed to . . . comply with the District Court's orders, and that the District Court warned Levin that failure to comply with court orders could result in sanctions, including the entry of default judgment. We find that the District Court did not abuse its discretion in entering default judgment against Levin."). The J&J Defendants respectfully suggest that Plaintiff be put on notice, consistent with Second Circuit precedent, that continued submissions that violate prior Court orders may result in Plaintiff being sanctioned.

Currently, the only outstanding discovery requests with respect to Plaintiff and the J&J Defendants are: (1) Plaintiff's request to depose Dr. Seal and (2) Plaintiff's repeated request for reproduction of documents, which the J&J Defendants will address in their March 5, 2020 letter to Magistrate Judge Shields. The J&J Defendants will move for summary judgment on September 4, 2020.

Hon. Gary R. Brown, U.S.D.J.
March 5, 2020
Page 3

      Should the Court require further information, we are available at the Court's convenience to discuss this matter further.

                                                Respectfully submitted,

                                                Louis M. Russo

cc:    Isaac Levin, *pro se* (by ECF)
       All Counsel of Record (By ECF)