March 9, 2020

**VIA ECF**

Hon. Gary R. Brown
United States District Court
100 Federal Plaza
Central Islip, NY 11722

RE:   Levin v. Johnson & Johnson, Johnson & Johnson Consumer Products, Inc.
       Case No.: 16-cv-6631-GRB-AYS

Dear Judge Brown,

As the Court is aware, my name is Isaac Levin, the Pro Se Plaintiff and the injured party in the above-subject matter (hereinafter referred to as "Levin"). On Friday, March 6, 2020, the KIK defendants filed their status report [ECF #183] and Dow filed their status report [ECF #184].

Levin finds this to be a unique opportunity to bring this Honorable Court up to date with this action which is now three (3) years and four (4) months old, but also to specifically address the issues as hand.

**KIK Custom Products**

KIK is dismayed as to why they are in this action. Most likely they missed reading ECF# 71, the decision of Judge Bianco to amend, and the amended complaint. [ECF #42-1]. Perhaps the following simple illustration, that can also be understood by a child, will clarify the matter to them.

Jimmy contracted with Brandon and sends along a check to put arsenic powder in Billy's morning coffee because Brandon works at the counter of the restaurant where Billy appears every morning. Brandon is fully aware of the consequences of using the powder. Billy dies. In front of a judge Brandon enters a plea of not guilty on the proposition that he only fulfilled the contract for Jimmy.

Same here. Johnson Defendants entered into a contractual agreement with KIK to manufacture baby shampoo, among others, for distribution to the public. In the process, Johnson

Defendants gave them a list of ingredients. Among the ingredients is Q-15 of Dow[1]. Q-15 manufactures FA in the bottle. The only purpose in life for the Q-15 is to manufacture FA in the bottle of shampoo to preserve the water solution from growing bacteria until such time that the water is consumed. A surfactant, which contains formaldehyde as the preservative, and other ingredients. KIK, a manufacturer of dangerous household products such as, bleach, polishes, surface cleaners, anti-freeze, laundry detergent, fabric softener and pool liquids. At all relevant times KIK knew that Q-15 is a manufacturer of FA in the bottle, and that the surfactant is preserved with FA. KIK is using surfactant in and around all the cleaning products. KIK, an international manufacturer they follow all the US, Canadian and Int'l regulations was fully aware that Canada declared Formaldehyde a 'toxic substance' under the 1999 Canadian Environmental Protection Act.

As such, they knew that FA was declared a probable human carcinogen and that the IARC declared in 2004 FA as a human carcinogen. Despite their knowledge, for pure profits over safety, they did not sound the alarm and continued to supply Johnson with a product that contained a human carcinogen intended mostly for babies and Levin. Hopefully, this will provide relief to Mr. DeMicco in understanding why they are included as a party defendant in this action.

---

[1] Which also included another carcinogen knows as MeCL2. Methylene chloride ($MeCl_2$) is a clear colorless volatile sweet-smelling lipophilic solvent used as a constituent of wood vanishes and paints. Human exposure is mainly due to inhalation and its biotransformation by the hepatic mixed function oxidases (MFO) leads to formation of carbon monoxide (CO). Simultaneous exposure to $MeCl_2$ and increased ambient CO results in undesirably increased carboxyhemoglobin (COHb) formation, which predisposes to carboxyhemoglobinaemia with the central nervous system as the primary target organ of toxicity. Upon noticing ECF #106-3, PageID #:990, **Exhibit "121",** Judge Joanna Seybert granted Levin leave to amend count five-concert of action. [ECF #153, PageID #:1712]

KIK is complaining that Levin will not submit to a video deposition because it is their right to request a video deposition. Levin has a religious obligation, among others, not to be on video but KIK is refusing to respect that.

For the first time, Mr. DeMicco is complaining about interrogatories, production of documents and access to LinkedIn. Levin provided a flash drive with all his documents including HIPPA and medical bills. Levin may have missed one verification and thereafter provided verification. Levin does not have social media accounts except LinkedIn, and specifically stated so. As to LinkedIn, Levin does not know whether he has the responsibility to provide access to LinkedIn and what discoverable evidence they may find in LinkedIn. What Mr. DeMicco is seeking information as to what Levin reported to the FDA, National Cancer Institute, etc.

KIK mention that it is in process to responding to Plaintiff's demand for interrogatories. In fact, KIK responded over the last 48 hours to Levin's interrogatories. ***Exhibit "122."*** KIK does not respond to a single interrogatory including #16 requesting a 30(b)(6) witness on the proposition that the notice of deposition was incorrect. KIK failed to provide the reason as to why the notice of deposition was incorrect. Levin believes that they are mandated to first provide the 30(b)(6) witness in order to prepare a notice of deposition. Levin will approach Judge Shields to force upon KIK to provide proper answers, even if they are under seal.

**Dow Chemical.**

Dow, under a patent, is the manufacturer of Quantronium 15, which was banned in Europe. ***Exhibit "123."*** Ms. Kindra opens with a self-served statement that,

> "Substantially, the case remains subject to dismissal, as Plaintiff has been unable to raise a genuine issue of material fact concerning the cause of his injuries", and that "Defendants Johnson has submitted evidence, including an expert report and

3

opinion, establishing conclusively that its baby shampoo could not have caused the injuries."

Most likely Counsel for Dow, Ms. Kindra, did not read ECF#164, a guideline and a roadmap to lies and deception which resulted in two expert reports concocted by the lawyers for the defendants. As stated **ECF #182** the documents to support Dr. Seal's "expert report" do not exist and the Johnson Defendants refuse to submit his to a deposition. Ms. Kindra should read ECF #182.

Ms. Kindra is complaining about Levin's failure to provide his own expert report. Ms. Kindra forgets that post the review *de novo* by Judge Joanna Seybert, they proposed a new schedule which is the operative schedule today. According to this schedule, Levin's deadline to provide an expert report is April 22, 2020. On Friday, March 6, 2020, Ms. Kindra proposed a new schedule and Levin's expert report is scheduled for May 22, 2020.

**A special note:** Levin is concerned from Defendants' ability to corrupt and manipulate the expert witness. Mostly Levin is concerned from Johnson's ability to corrupt. Expert reports will be filed anonymously until such time of his deposition.

Ms. Kindra is a bit confused. Perhaps she just returned from maternity leave. Mr. Kindra complains that Levin did not return Dow's first interrogatories. Then she converts to the first document request. Levin first request to interrogatories is **Exhibit "124."** Perhaps Ms. Kindra means the first set of document demand. As stated in KIK a loaded flash drive was provided to KIK and DOW. Dow requested that Levin catalog each document. Johnson Defendants provided documents in a form of a dump. So did Levin.

Ms. Kindra is concerned with the 2nd and 3rd document demand. To cut short her quest for these documents, Levin is uploading the as well as **Exhibits "125" and " 126."**

4

Ms. Kindra failed so far to explain *Exhibit "121",* working in concert with the Johnson defendants to cook the books as to the contain of the chemicals in Q-15.

                                                    Respectfully submitted,

                                                    /s/ Isaac Levin
                                                    ISAAC LEVIN
                                                    *Pro Se Plaintiff*
                                                    960 Cliffside Avenue
                                                    N. Woodmere NY 11581
                                                    Isaaclevin2010@gmail.com
                                                    516-374-0188

All Counsel(s) of record via ECF.