March 30, 2020

**VIA ECF**

Hon. Gary R. Brown
United States District Court
100 Federal Plaza
Central Islip, NY 11722

RE:   Levin v. Johnson & Johnson, Johnson & Johnson Consumer Products, Inc.
      Case No.: 16-cv-6631-GRB-AYS

Dear Judge Brown:

As the court is aware my name is Isaac Levin. I am the Pro Se Plaintiff and the injured party in the above-subject matter. On March 16, 2016, I filed a notice of appeal [ECF #187] and anxiously waiting for a scheduling order.

I would like to begin by reminding the Court of the scandal of pets dying in the United States several years ago and babies getting sick.

I am asking that the Court consider the actions of a different country in response to infants who mysteriously became ill in China. Although this is a different country, China treated, in the past, those that contaminated baby milk and the supplier who knew and maintained his silence:

> "Sanlu's chairwoman Tian, (the distributor) a Communist Party member, was given a life sentence for failing to stop the production and sale of the tainted milk even after Sanlu learned it was dangerous, while several other executives received prison sentences of between five and 15 years. A dairy farmer and a local supplier who had distributed tainted powder to Sanlu were executed in late 2009, the same year Sanlu went bankrupt…"

https://qz.com/1323471/ten-years-after-chinas-melamine-laced-infant-milk-tragedy-deep-distrust-remains/

> "The Intermediate People's Court in Shijiazhuang, in the northern province of Hebei, said the defendants had intentionally produced or sold dairy products laced with a toxic chemical called melamine, which was used to create the illusion of a higher protein count, but which caused kidney stones and other ailments in about 300,000 children last year…"

https://www.nytimes.com/2009/01/23/world/asia/23milk.html

1

In contrast, in the United States they can pay millions of dollars to attorneys to conceal their tracks after their actions and omissions have injured and killed many citizens.

Evidence about the acts and omissions of Johnson are being released to the media on a weekly basis. For example, just last week the Google headline the following story:

> How Johnson & Johnson companies used a 'super poppy' to make narcotics for America's most abused opioid pills. **Exhibit "127."**

This indicates that Johnson is or was involved in growing poppy seed, a trade used to be controlled by the Cosa Nostra to make their opioid painkillers stronger.

On Friday, March 6, 2020, the KIK and Dow defendants filed their status reports [ECF #183] and [ECF #184] respectively. On her status report, Ms. Kidera, attorney for Dow, opens with the following statement:

> "Johnson has submitted evidence, including an expert report and opinion, establishing conclusively that its baby shampoo could not have caused the injuries…"

This court heard me call the attorneys for the Johnson defendants' liars and cheaters, but I was not completely prepared to substantiate this claim. A guide to their lies is ECF#164. The following is overlooked.

## How do they Lie

On November 26, 2019 I received an e-mail from Michelle M. Bufano, the lead attorney for the Johnson Defendants. **Exhibit "128."**

Specifically, Bufano states:

> "Additionally, under separate email cover, you will receive a link to certain documents, Bates-Numbers JJLEVIN_00006070 - JJLEVIN_00006483, provided by J&J to Dr. Seal in connection with forming the opinions in his report. These documents were not previously requested by you in your discovery demands; however, we are providing you with these documents because these materials were reviewed by Dr. Seal."

Reports from both Dr. Lazar and Dr. Seal were attached to the e-Mail. Please see ***Exhibit "129"*** and ***Exhibit "130",*** respectively.

I completed a cursory review of Dr Seal's review [***Exhibit "130"***] and found that there are no traces of the documents referred to as JJLEVIN_00006070 - JJLEVIN_00006483. References to these documents are found in Dr. Lazar's report. Dr. Seal makes no mention whatsoever of any documents he reviewed.

On January 7, 2019 the Johnson defendants filed for summary judgment and the two "expert" reports were annexed as exhibits L for Dr. Lazar ***[ECF # 124-12]*** and Exhibit M [***ECF #124-13]*** for Dr. Seal. Both experts declared under penalty of perjury that their reports are true and correct.

   a. Dr. Lazar (by his attorney) stood behind the fact that he reviewed JJLEVIN_00006070-JJLEVIN_00006483.

   b. Dr. Seal reviewed JJLEVIN_00000291-329; JJLEVIN_0002823-2945 except that in the November 26, 2019 those documents, JJLEVIN_00000291-329; JJLEVIN_0002823-2945, did not exist in his report.

In comparing the November 26, 2019 version of Dr. Seal's report to the January version of Dr. Seal's report, the Court can easily see that they are not the same. Specifically, JJLEVIN_00000291-329; JJLEVIN_0002823-2945 did not exist in the November 26, 2019 version. It is my contention that they were never delivered because they do not exist. Attorney for the defendants furtively added that section (documents) in the motion for summary judgment, stating that the report of Dr. Seal is unchallenged. The Magistrate Judge found, strictly based on Johnson lawyer's representation, that JJLEVIN_00000291-329; JJLEVIN_0002823-2945, were provided twice but I do not have a trace of them. They were not produced. It is my claim that the

3

documents do not exist. The lawyers are attempting to conceal Dr. Seal from service of a deposition. The Magistrate Judge is in full support on this concept without completing the due diligence to make an educated decision.

I offered $250.00 for those documents to cover the cost of time and materials used, but the Magistrate Judge denied the request on the inference that I received them twice. Since I was willing to compensate for cost of time and materials used, it is not unreasonable for the Magistrate Judge to order that they be provided. In my opinion, it is clear that the defendants in this matter do not wish to provide documents, which further contends that my allegations that the documents do not exist and were merely inserted to further support their motion for summary judgment has merit.

I set forth in **ECF #182** the reason why those documents are required. In the January 4, 2019 (but not in the November 26, 2019) Dr. Seal stated the following:

> As reported by Dr. Swei (see Id. at 174:1-4) and corroborated with J&J Quality Control (see JJLEVIN_00006502), and internal research investigation (see JJLEVIN_00000291-329; JJLEVIN_0002823-2945), there exist no free formaldehyde or other cancer causing ingredients in J&J baby shampoo. [ECF #124-13, PageId #:1354 (b)].

An internal research investigation must consist of an investigator, an assistant, and lab research reports. Clearly the court should see the difference as related to these documents. If they are irrelevant, Dr. Seal would be unable to build his expert report on irrelevant documents when in November 26, 2019 Levin believes they did not exist. These documents are relevant to Levin's adequate and fair prosecution of the claims herein. Johnson Defendants have continuously refused to produce these documents as they know they are damaging to their baseless defenses of zero liability. They do, however, take into consideration the fact that the Magistrate Judge believed the Johnson defendants claim that they delivered them twice, although Levin has not received them.

The attorneys for Johnson state the following:

"Plaintiff cannot make that showing, as the referenced documents have already been provided to Plaintiff and are <u>irrelevant.</u> JJLEVIN_00000291-329 is a single PDF of a PowerPoint presentation regarding the regulatory framework for cosmetic products. It was produced to Plaintiff within production <u>volume one</u>, **[ECF #180]…**"

Furthermore, the Johnson attorneys state:

"JJLEVIN_00002823-2945 is a training presentation regarding preservatives in Johnson's® Baby products. It was produced with to Plaintiff within production <u>volume two</u>. The document is general in nature and mentions Johnson's Baby Shampoo once within the one-hundred and twenty-three page document."

I demonstrated to this Court that the documents do not exist on Volume one or Volume two. *[ECF #164-4, 182-4]*

When Mr. Russo says, "Plaintiff cannot make that showing, as the referenced documents have already been provided to Plaintiff…" he is openly deceitful to this Court.

In summary, this Honorable Court could see how they operate under the radar, and that they have been consistently in the mode of lying and deceiving. Furthermore, the Johnson defendants and their attorneys have been shown to be untruthful and untrustworthy to both the Plaintiff and this Court. I am requesting that the Court please order that the Johnson defendants make these documents available immediately so that I can properly continue to show the injury perpetrated by the defendants.

|  |  |
|---|---|
| All Counsel(s) of record via ECF. | Respectfully submitted,<br><br><u>/s/ Isaac Levin</u><br>ISAAC LEVIN<br>*Pro Se Plaintiff*<br>960 Cliffside Avenue<br>N. Woodmere NY 11581<br>Isaaclevin2010@gmail.com<br>516-374-0188 |