UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ISAAC LEVIN, an individual,

                                Plaintiff,

                                                         **MEMORANDUM DECISION**
                                                         **<u>AND ORDER</u>**

                 -against-

                                                         16-CV-06631 (JMA)(JMW)


JOHNSON AND JOHNSON, a national for-profit corporate
entity, JOHNSON AND JOHNSON CONSUMER
COMPANIES, INC., a national for-profit corporate entity,
THE DOW CHEMICAL COMPANY n/k/a DowDuPont, a
multinational for-profit corporate entity, and KIK CUSTOM
PRODUCTS, INC., a multinational for-profit entity,

                                Defendants.
------------------------------------------------------------------------X

**WICKS,** Magistrate Judge:

        *Pro se* Plaintiff Isaac Levin commenced this action against Defendants, alleging that

Johnson and Johnson Baby Shampoo contained toxic chemicals that caused Plaintiff to develop a

tumor on the back of his head. [1]  Before the Court is Plaintiff's Motion for Reconsideration (DE

260) of this Court's January 11, 2021 Order (Shields, M.J.) ("Jan. 11 Order") (DE 232), that

denied Plaintiff leave to file a Third-Amended Complaint.  (DE 232.)

## I.        BACKGROUND

        The Court assumes the parties' familiarity with the underlying facts and procedural

history of the case, which are set forth in the Jan. 11 Order.

---

[1] Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (incorrectly sued as Johnson & Johnson Consumer Companies, Inc.) are collectively referred to herein as "J&J."

Plaintiff sought leave to amend his Complaint for the third time to add J&J's 30(b)(6) witness Dr. Homer Swei as a defendant, and to add a theory of liability – that MeCl2 is an ingredient in J&J's baby shampoo.  (DE 219.)   After the original motion was submitted, Plaintiff filed two sur-replies without permission of the Court.[2]  (DE 220; DE 222.)  Defendants moved to strike each sur-reply.  (DE 223; DE 225.)  The Court issued an Order on January 11, 2021, striking Plaintiff's sur replies, finding that "[t]he general principle is that supplemental filings require leave of the court." (DE 1/11/2021) (citing *Guadagni v. N.Y.C. Transit. Auth.*, 387 F. App'x 124, 126 (2d Cir. 2010)).  The Court further held that it is within the discretion of the district court to strike a sur-reply when the filing litigant failed to seek or receive permission to file the sur reply.  (DE 1/11/2021) (citing *Endo. Pharm. Inc. v. Amneal Pharm., LLC*, No. 12-CIV 8060, 2016 WL 1732751, at *9 (S.D.N.Y. Apr. 29, 2016)).   Plaintiff *did not* move for reargument or reconsideration of that Order.

The Jan. 11 Order denied Plaintiff's motion for leave to file a Third Amended Complaint.  (DE 232.)  First, the Decision explains that Plaintiff failed to demonstrate good cause for failing to seek leave to amend the Complaint prior to the Court-ordered deadline.  (DE 232 at 5-9.)  Judge Shields highlights the fact that Plaintiff deposed Dr. Swei prior to the *first* time he moved to amend the Complaint and that Plaintiff even cited Dr. Swei's testimony in his *Second Amended Complaint* in 2019, but did not seek leave to add him as a defendant.  (*Id.* at 7-8.)  As for the MeCl2 claim, Judge Shields similarly found that Plaintiff admitted he was aware of MeCl2 when he filed his Second Amended Complaint, but did not seek leave to add this new theory of liability at that time.  (*Id.* at 8-9.)  Additionally, Judge Shields found that the proposed

[2] Plaintiff refers to his reply to the original motion (DE 218) as a "supplement" rather than a "reply" and thus, refers to the first sur reply (DE 220) as his *second* supplement to his original motion and the second sur reply (DE 222) as his *third* supplement to his original motion.

2

amendments would be prejudicial to Defendants, and that several of the proposed amended claims would be futile.  (*Id.* at 11-15.)

On April 25, 2021, Plaintiff filed a Motion for Reconsideration.  (DE 260.)  The Honorable Steven L. Tiscione initially heard oral argument on Plaintiff's Motion on May 20, 2021 (DE 281) after which he directed Plaintiff to file "a supplemental letter on or before May 28, 2021, setting forth with specificity any new evidence that he alleges was obtained subsequent to the denial of his motion for leave to file a Third Amended Complaint and was therefore never presented to Magistrate Judge Shields."  (DE 280.)  The case was then reassigned to the undersigned on May 21, 2021.  Thereafter, on May 28, 2021, Plaintiff filed a Supplemental Letter in Support of Motion for Reconsideration.  (DE 282.)  In the letter, Plaintiff argues that the two stricken sur-replies should be considered "new evidence" that was not presented to Judge Shields when she ruled on the original motion. (*Id.*)  The two sur-replies contain three affidavits from chemists/toxicologists regarding purported data about MeCl2, and an overview of FDCA regulations and Material Safety Data Sheets.  (DE 220; DE 222.)

For the reasons set forth below, Plaintiff's Motion for Reconsideration (DE 260) is hereby denied.

## DISCUSSION

Rule 60(b) provides that a party may be relieved from a final judgment, order, or proceeding for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud.  Fed. R. Civ. P. 60(b).  "The standard for success on a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *T.Z. v. City of New York*,

634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009) (quoting *Shrader v. CSX Trasnp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A Court may grant reconsideration if there was an intervening change of controlling law, new evidence available, or to correct a clear error or prevent manifest injustice. *Id.*

The timing for motions for reconsideration, however, is not limitless. In fact, pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, a motion for reconsideration must be served within 14 days after the Court's decision on the original motion is entered. E.D.N.Y. Local R. 6.3.

Plaintiff's motion is woefully untimely. The original motion was decided and entered on January 11, 2021. (DE 232.) The time within which to move for reconsideration expired January 25, 2021. On February 5, 2021, Plaintiff made a motion for an extension of time to file a motion for reconsideration. (DE 233.)[3] The Court denied the motion. (DE 2/8/2021.) Plaintiff proceeded to file the instant motion anyway, 104 days past the date the Order on the original motion was entered. "[F]ailure to adhere to the time limits prescribed by the rule may be excused where circumstances warrant." *John Wiley & Sons, Inc., v. Swancoat*, No. 08 Civ. 5672(JGK), 2011 WL 165420, at *1 (S.D.N.Y. Jan. 15, 2011). Plaintiff's *pro se* status does not in and of itself exempt him from compliance with deadlines. *See Miller v. U.S.,* 2021 WL 2685522, at *2 (E.D.N.Y. June 30, 2021). Nevertheless, since the untimeliness issue was not addressed at the initial oral argument on May 20, 2021 before Judge Tiscione, and considering Plaintiff's *pro se* status, the Court exercises its discretion and will consider Plaintiff's motion. *Darnley v. Ameriquest Mortg. Co*., No. 06-CV-4265 (DLI), 2010 WL 103791 (E.D.N.Y. Mar.

---

[3] The letter application filed on February 5, 2021 is dated, however, "January 8, 2021", three days before the Jan. 11 Order.

17, 2010) (exercising discretion to consider untimely motion to reconsider in light of party's *pro se* status).

It was well within the Court's discretion to strike the sur-replies and Plaintiff did not move the Court to reconsider that Decision.  *See Barbour v. Colvin,* 993 F.Supp.2d 284, 287 (E.D.N.Y. 2014) (Spatt, J.), citing *Anghel v. New York State Dep't of Health,* 947 F.Supp.2d 284, 293 (E.D.N.Y. 2013).  Even considering the sur-replies, they do not present factual matters the court overlooked that might materially have influenced its earlier decision.  The three affidavits containing information about MeCl2, and an overview of FDCA regulations and Material Safety Data Sheets, do not affect Judge Shields' reasoning as to Plaintiff's untimely filing of the proposed amended claims, the undue prejudice that would result in permitting the amended claims, or the futility of the claims (specifically asserted against Dr. Swei). Additionally, no controlling decision has been identified that the Court may have overlooked.

In short, none of what Plaintiff submits in support of the instant motion satisfies the standard necessary to reconsider the Jan. 11 Order.  Plaintiff has simply not identified any "'controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court'".  *Jefferson v. Suffolk County Sheriff Errol D. Toulon*, 21-CV-2417 (JMA)(JMW) (E.D.N.Y. Jan. 6, 2022), quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995).

**CONCLUSION**

Plaintiff's motion for reconsideration does not present factual matters or controlling decisions the Court overlooked that might have materially influenced its earlier decision, nor does Plaintiff's motion demonstrate the need to correct a clear error or prevent manifest injustice.

Accordingly, Plaintiff's motion (DE 260) is hereby denied.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Mr. Levin

at his address of record.

Dated:  Central Islip, New York
        January 21, 2021

S O   O R D E R E D:

/S/ *James M. Wicks*
        JAMES M. WICKS
   United States Magistrate Judge

6