UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ISAAC LEVIN, an individual,

                            Plaintiff,

        -against-

JOHNSON AND JOHNSON, a national for-profit corporate entity, JOHNSON AND JOHNSON CONSUMER COMPANIES, INC., a national for-profit corporate entity, THE DOW CHEMICAL COMPANY n/k/a DowDuPont, a multinational for-profit corporate entity, and KIK CUSTOM PRODUCTS, INC., a multinational for-profit entity,

                            Defendants.
-------------------------------------------------------------------------X

**FILED**
**CLERK**
1/25/2022 2:07 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**

16-CV-06631 (JMA)(JMW)

**WICKS,** Magistrate Judge:

      Before the Court are various motions filed by all parties, seeking pre-motion conferences and/or leave to file various anticipated motions. Many of the motions are repetitive and the parties proceeded to file several of the motions on their own volition, without leave of the Court and without a pre-motion conference.

      On May 3, 2021, Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. filed a letter motion (DE 267) requesting a pre-motion conference for leave to file motions: (1) to exclude Plaintiff's experts pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm*., 509 U.S. 579 (1993); and, (2) for summary judgment on all of Plaintiff's claims, pursuant to Fed. R. Civ. P. 56(a).[1] On May 4, 2021, Defendant KIK Custom Products, Inc. ("KIK") and Defendant The Dow Chemical Company ("Dow") both filed letter motions (DE 268 and DE 270) joining in J&J's request for the pre-

---

[1] Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (incorrectly sued as Johnson & Johnson Consumer Companies, Inc.) are collectively referred to herein as "J&J."

motion conference (DE 267). Also on May 4, 2021, Plaintiff filed a letter motion (DE 269) opposing Defendants' motions (DE 267, DE 268, DE 270) on the basis that Defendants did not confer with Plaintiff first. Plaintiff cites to a prior Order by the Honorable Anne Y. Shields, which terminated Defendants' motion for summary judgment (DE 126) and directed the parties to confer regarding a briefing schedule. (Electronic Order dated 6/17/2019.) On June 1, 2021, Defendants J&J proceeded to file another motion (DE 286), seeking the same relief as their letter motion at DE 267.[2] Also on June 1, 2021, Plaintiff filed a letter motion (DE 283) seeking: (1) leave to file excess pages in his opposition to Defendants' anticipated motions for summary judgment, and, (2) leave to file a motion *in limine* to exclude Defendants' expert.[3] Plaintiff had previously filed a motion *in limine* seeking the same relief (DE 174), which Judge Brown denied on February 2, 2020, with leave to renew at the end of discovery. (Electronic Order dated 2/20/2021.) On August 26, 2021, without the Court ruling on Plaintiff's letter motion (DE 283), Plaintiff proceeded to file his renewed motion *in limine* to exclude Defendants' expert (DE 312). On August 27, 2021, Defendants J&J and KIK filed a letter motion (DE 313) in opposition to Plaintiff's motion *in limine*, and renewed their request for a briefing schedule for dispositive motions. In the opposition, Defendants correctly point out that Plaintiff violated Honorable Joan M. Azrack's Individual Rules (V.B.2.v.), which provide that the Court will set a briefing schedule for *in limine* motions after submission of the joint pre-trial order. The Court notes that Plaintiff also proceeded to file the motion before the Court issued a ruling on his pre-motion conference request.

Having considered the parties' submissions on the aforementioned motions, the Court rules as follows:

The Court waives its pre-motion conference requirement and grants Defendants' request to file a *Daubert*/Rule 702 motion, and a motion for summary judgment. The parties are directed to meet and confer regarding briefing schedules for Defendants' anticipated motions and file a proposed briefing

---

[2] Defendants filed another letter, not as a motion, on July 28, 2021, renewing their request for a pre-motion Conference. (DE 308.)

[3] Defendants did not oppose Plaintiff's application to file excess pages in an anticipated opposition to their summary judgment motions.

schedule on or before February 8, 2022. The parties are further directed to comply with the undersigned's Individual Rules § 3(C) regarding the service and filing of such motions, since the motions have been referred to the undersigned (*see* Electronic Order dated 10/22/2021). Accordingly, DE 267, DE 268, DE 270, and DE 286, are terminated as moot.

The portion of DE 313 renewing Defendants' request for a briefing schedule is also terminated as moot. The portion of Plaintiff's motion at DE 283, seeking leave to file excess pages, is granted to the extent that Plaintiff may file opposition up to 35 pages in length. The portion of Plaintiff's motion at DE 283, seeking leave to file a renewed motion *in limine* is moot, as Plaintiff proceeded to impermissibly file the motion without leave of Court and in direct contravention of Judge Azrack's rules.[4] To that end, Plaintiff's motion *in limine* (DE 312) is denied without prejudice and with leave to renew, after the parties have filed their joint pretrial order. To the extent that Plaintiff's intention was to move to exclude Defendants' expert pursuant to *Daubert*/Rule 702, the parties shall include Plaintiff's anticipated motion in their proposed briefing schedules that are due on February 8, 2022.

Defendants are respectfully requested to serve a copy of this Order on Mr. Levin at his address of record on or before January 26, 2022.

## **CONCLUSION**

For the foregoing reasons, the motions are decided as follows:

1. DE 267 is terminated as moot.

2. DE 268 is terminated as moot.

3. DE 270 is terminated as moot.

4. DE 283 is granted in part (Plaintiff may file opposition to summary judgment up to 35 pages) and the remainder of the motion is moot.

5. DE 286 is terminated as moot.

---

[4] During an oral argument on a separate motion before Honorable Steven L. Tiscione on May 12, 2021, the Court noted that filing a motion *in limine* would be premature until the case is ready for trial, and Plaintiff stated that he understood. *See* DE 290 at 44.

3

6. DE 312 is denied without prejudice and with leave to renew.

7. DE 313 is denied as moot.

Dated: Central Islip, New York
January 25, 2021

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge