```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ISAAC LEVIN, an individual,

                              Plaintiff,
                                                              ORDER
           -against-
                                                         16-CV-06631 (JMA)(JMW)


JOHNSON AND JOHNSON, a national for-profit corporate
entity, JOHNSON AND JOHNSON CONSUMER
COMPANIES, INC., a national for-profit corporate entity,
THE DOW CHEMICAL COMPANY n/k/a DowDuPont, a
multinational for-profit corporate entity, and KIK CUSTOM
PRODUCTS, INC., a multinational for-profit entity,

                              Defendants.
---------------------------------------------------------------------X
```

**WICKS,** Magistrate Judge:

      Before the Court are three motions,[1] all stemming from a prior Order (DE 277) on a fee dispute involving Defendants' expert. On July 12, 2021, Plaintiff filed a motion (DE 300) pursuant to Fed. R. Civ. P. 60(b)(3), for reconsideration of the Honorable Steven L. Tiscione's May 13, 2021 Order (DE 277) granting Defendants' motion (DE 255) to compel payment of expert fees of Dr. Seal within 60 days. Plaintiff's motion also requested a stay of all proceedings related Dr. Seal's expert fees until the subject motion for reconsideration was decided. (*Id.*) Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. opposed the motion (DE 301, DE 302, DE 303) and Plaintiff filed a reply (DE 306).[2] On July 19, 2021, Defendants J&J filed a letter motion (304) for a pre-motion conference for a briefing

---

[1] On June 13, 2021, Plaintiff filed a letter motion for a pre-motion conference in anticipation of filing the subject Rule 60(b)(3) motion. (DE 291.) On the same date Plaintiff filed a duplicative letter motion, but the second version contained exhibits. (DE 292.) Plaintiff filed the subject motion before the Court ruled on DE 291 and DE 292. Those letter motions (DE 291 and DE 292) are therefore terminated as moot.

[2] Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (incorrectly sued as Johnson & Johnson Consumer Companies, Inc.) are collectively referred to herein as "J&J."

schedule on their anticipated motion pursuant to Fed. R. Civ. P. 37(b)(2) for sanctions against Plaintiff for failure to comply with Judge Tiscione's May 13, 2021 Court Order to pay Dr. Seal's fees. On July 27, 2021, Plaintiff filed opposition (DE 307) requesting that Plaintiff's motion (DE 304) be denied until his motion for reconsideration pursuant to Rule 60(b) (DE 300) was decided. Thereafter, Plaintiff filed a motion to compel (DE 318) copies of checks regarding Dr. Seal's expert fees. Defendants opposed (DE 322) and Plaintiff, concededly without permission of the Court, filed a reply (DE 324).

### I. PLAINTIFF'S MOTION TO RECONSIDER

## A. Background

On April 20, 2021, Defendants moved to compel plaintiff to pay expert fees. (DE 255.) Plaintiff opposed. (DE 259.) Judge Tiscione heard oral argument on May 12, 2021 and made a ruling on the record granting Defendants' motion. (DE 277; DE 290.) Before ruling, Judge Tiscione considered extensive arguments regarding whether Plaintiff was required to pay Dr. Seal's fee for deposition preparation and the deposition itself.[3] (DE 290.) Plaintiff vehemently argued that Defendants were submitting a fraudulent bill to Plaintiff. (*Id.* at 16, 18, 30, 34, 36-38, 43.) Plaintiff argued that he should not have to pay Dr. Seal's fee for what he understood to be two separate expert reports that did not match up. (*Id.* at 39, 46). The Court noted on the record that it is not unusual for a party to file an expert disclosure that is not identical to an expert declaration in support of a motion for summary judgment, but Plaintiff refused to accept this. (*Id.* at 40, 47.) A review of the transcript further demonstrates there appeared to be another misconception that Dr. Seal was double-charging because there were two separate invoices for his services, one in December of 2018 and the other in April of 2021. (DE 290; DE 300.) Defendants confirmed on the record that they disclosed both bills, but were only requesting the fee for the second bill, containing Dr. Seal's deposition preparation fees and deposition appearance fees – *not* for the expert report and declaration. (*Id.* at 34-35.) During the hearing, it was repeatedly explained to Plaintiff

---

[3] Defendants originally moved to compel the fees of Dr. Seal and Dr. Lazar, but withdrew the portion of the motion related to Dr. Lazar. (DE 290 at 31.)

that the subject invoice was not a duplication and that Defendants were not asking him to pay a bill twice. (*Id.* at 35.)  Plaintiff conceded that he must pay for the deposition portion of the fee, but continued to dispute the preparation portion claiming it was fraudulent and duplicative.  (DE 290 at 38-39, 46-47.) Ultimately, Judge Tiscione ordered that Plaintiff must pay Dr. Seal's second invoice limited to the actual deposition appearance and time spent preparing for the deposition, within 60 days.  (*Id.* at 48.)

Plaintiff merely reiterates the same arguments, namely that Defendants and their expert Dr. Seal submitted a fraudulent invoice to Plaintiff regarding Dr. Seal's fee for his deposition and deposition preparation.  (DE 300.)  Plaintiff argues that there are two versions of the bill and that Dr. Seal testified at his deposition that he had already been paid in full.  (*Id.*)  Plaintiff argues that the April 2021 invoice produced prior to Dr. Seal's deposition was purposely left blank so that Plaintiff could not ask Dr. Seal questions about the fee breakdown and so Defendants could "beef it up."  (*Id.*)  Plaintiff further argues that Defense counsel and Dr. Seal worked in concert to lie and deceive him and that the fees are not reasonable.  (*Id.*)  Since the May 12, 2021 hearing, Plaintiff states that he has paid $960 for Dr. Seal's deposition and $1,300 for Dr. Seal's deposition preparation, but requests that the $9,540 balance be stayed and stricken.  (*Id.*)  No new facts or overlooked law is identified.

J&J opposes, asserting that nothing fraudulent has occurred.  (DE 301.)  Defendants assert that: Dr. Seal prepared an expert report and declaration in support of a summary judgment motion (which the Court denied without prejudice, *see* Electronic Order dated 6/17/2019) in Fall of 2018 and submitted an invoice to Defendants on December 5, 2018, not including deposition preparation and fees; Defendants paid the invoice in full; Defendants provided Plaintiff with a copy of Dr. Seal's first bill prior to Dr. Seal's deposition; Plaintiff deposed Dr. Seal on April 14, 2021; and, Dr. Seal submitted another invoice the next day for his preparation and attending the deposition totaling $11,880.  (*Id.*)  Defendants also filed a Declaration by counsel for Defendant Michelle M. Bufano, and a Declaration by Dr. Seal (DE 302; DE 303), setting forth the same assertions.

3

In reply, Plaintiff reiterates that he has paid the portion of the fee for the deposition Dr. Seal appeared for, points again to Dr. Seal's two separate reports, and argues that Defendants created the Declarations under lies and false pretenses. (DE 306.)

## B. Discussion

Rule 60(b) provides that a party may be relieved from, *inter alia,* an order for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(b). It is considered "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Juliao v. Charles Rutenberg Realty, Inc.*, 14-CV-808 (JMA) (AYS), 2020 WL 2513443, at * 2 (E.D.N.Y. May 15, 2020) (internal quotation and citation omitted). Relief under Rule 60(b)(3) "is only available if the moving party establishes by clear and convincing evidence that the opposing party engaged in fraud or other misconduct. *Tyson v. City of N.Y.*, 81 F. App'x 398, 400 (2d Cir. 2003). Relief pursuant to Rule 60(b)(3) "cannot serve as an attempt to relitigate the merits . . . To obtain relief, the movant must have been prevented from fully and fairly presenting his case." *Breslow v. Schlesinger*, 284 F.R.D. 78, 82 (E.D.N.Y. 2012) (internal quotation and citations omitted).

Pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, a motion for reconsideration must be served within 14 days after the Court's decision on the original motion is entered. E.D.N.Y. Local R. 6.3.

First, Plaintiff's motion is untimely. Judge Tiscione's Order on the original motion was made on May 12, 2021 and the Order was entered on May 13, 2021. (DE 277.) The subject motion (DE 300) was not filed until July 12, 2021, 60 days after the Order was entered. Plaintiff's *pro se* status does not in and of itself exempt him from compliance with deadlines. *See Miller v. U.S.,* 2021 WL 2685522, at *2 (E.D.N.Y. June 30, 2021). "[F]ailure to adhere to the time limits prescribed by the rule may be excused where circumstances warrant." *John Wiley & Sons, Inc., v. Swancoat*, No. 08 Civ. 5672(JGK), 2011 WL 165420, at *1 (S.D.N.Y. Jan. 15, 2011). Considering Plaintiff's *pro se* status, the Court exercises its discretion and will consider Plaintiff's motion. *Darnley v. Ameriquest Mortg. Co*., No. 06-CV-4265

4

(DLI), 2010 WL 103791 (E.D.N.Y. Mar. 17, 2010) (exercising discretion to consider untimely motion to reconsider in light of party's *pro se* status). Indeed, this is not the first time Plaintiff has ignored filing deadlines. *See, e.g.,* DE 260 (motion to reconsider filed 104 days after deadline). Plaintiff is forewarned again that filing deadlines must be complied with.

      Plaintiff makes the identical fraud arguments here as he did in opposition to the original motion. A review of the parties' submissions and Judge Tiscione's hearing transcript, reveals that Plaintiff was admittedly confused as to why Dr. Seal prepared an expert report and a separate declaration in support of Defendants' prior summary judgment motion. Plaintiff also misunderstood that Defendants paid Dr. Seal for preparation of those reports, and that the second invoice, which is the only invoice he is responsible for, only consists of Dr. Seal's deposition and deposition preparation fees. None of the arguments Plaintiff makes establish clear and convincing evidence that Defendants engaged in fraud. *See Aneja v. M.A. Angeliades, Inc.*, No. 05 Civ. 9678(LAP)., 2010 WL 199681, at *3 (S.D.N.Y. Jan. 12, 2010) (holding that even if plaintiff's motions were construed liberally, he did not demonstrate misrepresentations by his adversary, "let alone a misrepresentation that arises to the level of fraud"); *Tyson*, 81 Fed. Appx. 398, 400 (finding that *pro se* Plaintiff's arguments about allegedly false documents were mere attempts to relitigate the original motion). Accordingly, Plaintiff's motion for reconsideration is hereby denied, and the portion of that motion seeking a stay of all proceedings related to Dr. Seal's expert fees until final adjudication of the motion is therefore moot.

## II.    DEFENDANTS' MOTION FOR SANCTIONS

      Defendants' letter motion (304) for a pre-motion conference for a briefing schedule on their anticipated motion pursuant to Rule 37(b)(2) for sanctions against Plaintiff for failure to comply with Judge Tiscione's May 13, 2021 Court Order, is decided as follows: The letter motion for a pre-motion conference is denied. The court waives its pre-motion conference requirement and grants Defendants' request to file a motion pursuant to Rule 37(b)(2). The parties are directed to file a proposed briefing schedule by February 8, 2022.

### III. PLAINTIFF'S MOTION TO COMPEL

Plaintiff moves to compel Defendants J&J and KIK to provide "all the checks paid by Ms. Bufano to her experts . . . to see those check [sic] to verify whether she paid anything significant or tried to extort money from Levin." (DE 318.)

Defendants argue that Plaintiff is merely seeking to re-litigate an issue that was already decided by this Court when they moved to compel Plaintiff to pay Dr. Seal's expert fees (DE 255 – the original motion underlying Plaintiff's Rule 60(b)(3) motion).

Plaintiff concedes that filing a reply (DE 324) violated the Courts rules, as the undersigned's Individual Rules at § 3(A) expressly prohibit replies on letter motions. Nonetheless, in light of Plaintiff's *pro se* status, the Court reviewed and considered Plaintiff's reply. Plaintiff argues that Defendants' experts are not qualified, requests Dr. Lazar's invoices, which are not the subject of any dispute before the Court, and discusses delays and discovery disclosure issues, unrelated to Dr. Seal's fees – the subject of his letter motion in the first place (DE 318). Plaintiff also raises the same argument that he already raised on his Rule 60(b)(3) motion (DE 300), namely that Defendants did not provide the second invoice, which contained Dr. Seal's fee for the deposition and deposition prep, until after Dr. Seal was deposed.

"[A] motion to compel is entrusted to the sound discretion of the district court." *Liberty Mut. Ins. Co. v. Kohler Co.*, No. CV 08-867(SJF)(AKT), 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010). "The party seeking the discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition." *Id.* The moving party has the burden of showing the discovery sought is relevant . *New Falls Corp. v. Soni*, CV 16-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020).

Here, Plaintiff's continued accusations of fraud and request for purported canceled checks regarding Defendants' experts are not relevant to the claims in this action - allegations that Johnson and Johnson Baby Shampoo contained toxic chemicals that caused Plaintiff to develop a tumor on the back of his head (DE 158). Moreover, at this juncture the request is moot in light of Judge Tiscione's May 12, 2021 Order granting Defendants' motion to compel Plaintiff to pay Dr. Seal's fees,

and the undersigned's denial or Plaintiff's motion to reconsider that Order (*see* Section I.). Plaintiff's motion to compel is an attempted third bite at the apple. Further, Plaintiff's request for cancelled checks related to Dr. Lazar's services is completely irrelevant as Defendants withdrew their request for Plaintiff to pay Dr. Lazar's fees. (DE 322.) Accordingly, Plaintiff's motion to compel (DE 318) is denied.

## CONCLUSION

For the foregoing reasons, the motions are decided as follows:

1. DE 291 is terminated as moot.
2. DE 292 is terminated as moot.
3. DE 300 is denied.
4. DE 304 is terminated as moot.
5. DE 318 is denied.

Defendants are respectfully requested to serve a copy of this Order on Mr. Levin at his address of record on or before January 28, 2022.

Dated: Central Islip, New York
January 26, 2021

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge