UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ISAAC LEVIN, an individual,

                              Plaintiff,

                                                              **ORDER**

             -against-

                                             16-CV-06631 (JMA)(JMW)

JOHNSON AND JOHNSON, a national for-profit corporate
entity, JOHNSON AND JOHNSON CONSUMER
COMPANIES, INC., a national for-profit corporate entity,
THE DOW CHEMICAL COMPANY n/k/a DowDuPont, a
multinational for-profit corporate entity, and KIK CUSTOM
PRODUCTS, INC., a multinational for-profit entity,

                              Defendants.
------------------------------------------------------------------------X

**WICKS,** Magistrate Judge:

 Before the Court is the request of *pro se* Plaintiff – through his wife Ofra Levin – for yet

another extension of time to oppose Defendants' motions for summary judgment (DE 345).  The

reasons for the request are filed under seal. This time Ms. Levin asks for 3 more months.

Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (incorrectly sued as

Johnson & Johnson Consumer Companies, Inc.) and Defendant KIK Custom Products, Inc. (as

acquired by Voyant Beauty LLC), although seemingly sympathetic to Plaintiff's plight, oppose

(DE 346).[1]

 This is the latest of many extensions to the briefing schedule.  The motion for summary

judgment was originally proposed by Defendants in a pre-motion letter filed May 3, 2021 (DE

---

[1] Defendant DOW Chemical Company has not submitted a response.

267).  On October 22, 2021, the Honorable Joan M. Azrack referred all pre-trial matters, including "any dispositive pretrial motions" to the undersigned (Electronic Order dated Oct. 22, 2021).  Since the filing of Defendants' May 3 letter, the docket has been littered with requests, applications, motions, motions for reconsideration and various conferences were held as a result.  Ultimately, Defendants filed a letter on February 8, 2022 (DE 333), representing the parties met and conferred and presented a proposed briefing schedule.  The Court adopted that schedule on February 11, 2022 (*see* Electronic Order dated Feb. 11, 2022), with Plaintiff's opposition due May 9, 2022.  Two months later, Plaintiff sought more time (DE 335).  The Court held a conference on April 18, 2022 and granted his request, with his opposition then due August 16, 2022 (DE 337).  In the interim, there were multiple requests and grants of applications for extended page limits (DE 340; Electronic Order dated June 6, 2022; DE 342; Electronic Order dated July 13, 2022).

On August 1, 2022, Plaintiff's wife Ofra Levin called chambers asking for more time to oppose the motion.  The Court scheduled a telephone conference, held on August 5, 2022, and again granted, over all Defendants' objections, Plaintiff an extension to September 16, 2022 to file opposition.   Writing to the Court on behalf of Plaintiff, Ms. Levin now seeks three more months to oppose the motion.

Although sympathetic to Plaintiff's situation, the Court has provided more than ample opportunity in light of the circumstances for Plaintiff to prepare and file opposition or seek some other relief. [2]  In granting the last extension over Defendants' objection, the Court made clear that that extension was a final one. *See* DE 344 ("This is the **final** extension of the briefing

---

[2] For example, Plaintiff could have perhaps sought the appointment of a guardian or "next friend" under Rule 17(c)(2) if he was unable to proceed.  Or, alternatively, he could have sought assistance and guidance from the Hofstra Law Pro Se Legal Assistance Program, or even proposed dismissing the action, without prejudice to renew at a later time.

schedule." (Emphasis in original)).  And, "final" does means final. *See In re Harris*, 228 B.R. 740, 745 (Bankr. D. Ariz. 1998) ("the word 'final' means final").  Nothing has been raised in the latest request that was not raised and considered before in extending the deadline then.

Defendants, like Plaintiff, are entitled to have this Court apply and construe the mandate of Rule 1 equally and fairly.  That is, the Court is obligated to apply and administer the rules "to secure the just, speedy and inexpensive determination of every action and proceeding." This case has been pending for nearly six years and this motion, proposed in May 2021, has had many briefing schedules, motions and conferences. Indeed, Defendants served their moving papers upon Plaintiff back in early March 2022, pursuant to the Court's Order.  To continue to grant extension requests under the circumstances would be unjust and frustrate the fair administration of justice. The coda of this case is near, whether by motion or trial.

As to Defendants' objection to the continued communications with the Court by *pro se* Plaintiff's wife, Ofra Levin, the Court reminds Plaintiff, who chose to proceed *pro se* in this matter, that he cannot continue to have a non-lawyer such as Ofra Levin represent him. *See* 28 USC § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Panzardi v. Jensen*, No. 13-CV-4441 (MKB), 2014 WL 905546, at *5 (E.D.N.Y. Mar. 7, 2014) (holding that non-attorneys cannot appear on another person's behalf ) (collecting cases).  That said, the Court will not prohibit Ms. Levin from communicating with the court on procedural, non-substantive matters if her spouse needs the assistance.

## **CONCLUSION**

For the foregoing reasons, the request to extend the time to oppose Defendants' motion for summary judgment is hereby DENIED.  The Clerk of the Court is respectfully directed to serve a copy of this Order upon *pro se* Plaintiff.

Dated: Central Islip, New York
        September 12, 2022

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

4