UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ISAAC LEVIN,

               Plaintiff,

                                                              **DECISION**
                                                             **AND ORDER**

             -against-                                   16-cv-06631 (JMA) (JMW)

JOHNSON AND JOHNSON, *et al*.

               Defendants.
----------------------------------------------------------------X

**A P P E A R A N C E S**

Isaac Levin
*Pro Se*
960 Cliffside Avenue
N. Woodmere, NY 11581
*Pro Se Plaintiff*

John D. Winter, Esq.
Michelle M. Bufano, Esq.
**Patterson, Belknap, Webb & Tyler LLP**
1133 Avenue of the Americas
New York, NY 10036
*Attorney for Defendant Johnson and Johnson,*
*Johnson and Johnson Consumer Companies, Inc.,*
*KIK Custom Products, Inc.*

James Jeffrey Doody, Esq.
**Phillips Lytle LLP**
One Canalside
125 Main Street
Buffalo, NY 14203
*Attorney for Defendant DowDuPont*

**WICKS,** Magistrate Judge:

       Plaintiff Isaac Levin, who appears *pro se*, brought this action alleging, *inter alia*, negligence claims against Defendants Johnson and Johnson, Johnson and Johnson Consumer Companies, Inc., KIK Custom Products, Inc., and KIK Custom Products, Inc. related to the product

1

known as the Johnson & Johnson Baby Shampoo. Before the Court is Plaintiff's motion, pursuant to Fed. R. Civ. P. 17, for the appointment of a guardian *ad litem*, namely his wife Ofra Levin. (DE 377.) All Defendants oppose the application. (DE 378; DE 379.) For the reasons stated herein, Plaintiff's application is DENIED, without prejudice to renew.

The procedure for the appointment of a guardian *ad litem*[1] is governed by Rule 17(c)(2) of the Federal Rules of Civil Procedure, which provides:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

"Because a litigant possesses liberty interests in avoiding the stigma of being found incompetent . . . and in retaining personal control over the litigation, the Due Process Clause of the Fifth Amendment limits the district court's discretion with respect to the procedures used before appointing a guardian *ad litem*." *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 651 (2d Cir. 1999). Hence why "[t]he duty to appoint a guardian *ad litem* or make such order as [the court] deems proper, is triggered by actual documentation or testimony of mental incompetency." *Cannon v. Port Auth. of New York & New Jersey*, No. 15-CV-4579 (RA), 2020 WL 6290665, at *2 (S.D.N.Y. Oct. 27, 2020) (internal quotes and cites omitted). Courts do have a gatekeeping role and decline to appoint guardians *ad litem* where there is a lack of verifiable evidence as to the individual's competency. *See e.g.*, *Syfert v. City of Rome*, No. 6:19-CV-0775 (GTS) (ML), 2022

---

[1] Prior to the adoption of Rule 17(c), there was a distinction between the terms "next friend" and "guardian *ad litem*"; next friends "were permitted to pursue actions on behalf of infants and incompetents, while guardians *ad litem* were permitted to defend infants and incompetents." *Bowen v. Rubin*, 213 F. Supp. 2d 220, 222 n. 5 (E.D.N.Y. 2001) (citations omitted). Since the "functions of the two representatives were nearly identical, [] the terms are now used interchangeably." *Id.* (citing *von Bulow by Auersperg v. von Bulow*, 634 F. Supp. 1284, 1293 (S.D.N.Y. 1986) ("there is no substantial difference between a 'guardian *ad litem*' and a 'next friend.'")).

WL 2180455, at *15 (N.D.N.Y. June 13, 2022) (finding comments from Plaintiff's sister about his disabilities, their effect on his day-to-day functioning, and a letter from CNY Brain & Spine Neurosurgery to contain nothing undermining Plaintiff's competency and not the type of verifiable evidence that require a guardian *ad litem*); *Chapman v. Ring's End, Inc.*, No. 3:17-CV-01084 (VAB), 2020 WL 3430350, at *5 (D. Conn. June 23, 2020) (finding plaintiff's wife's and counsel's lay representations that plaintiff was impaired in understanding and producing speech to be insufficient to appoint a guardian); *Williams v. New York State Off. of Mental Health*, No. 10-CV-1022 (SLT) (JO), 2011 WL 2690088, at *6 (E.D.N.Y. Apr. 25, 2011), *report and recommendation adopted*, 2011 WL 2708378 (E.D.N.Y. July 11, 2011) (even where plaintiff had a history of mental illness and the Court reviewed clinical evaluations of Plaintiff, the Court found that there was not sufficient evidence in the record to conclude that Plaintiff was incompetent and that a guardian *ad litem* should be appointed); *Santiago v. C.O. Campisi Shield No. 4592*, 91 F.Supp.2d 665, 667 (S.D.N.Y. 2000) (finding appointment of a guardian *ad litem* to an illiterate plaintiff "would be inappropriate under any standard" because he was not "incompetent in the sense contemplated by Rule 17(c)"; "plaintiff mistakenly equates his illiteracy with incompetence, an argument supported neither by logic nor law"); *Mandeville v. Wertheimer*, No. 01-CIV.4469 (JSR) (DF), 2002 WL 432689, at *1 (S.D.N.Y. Mar. 19, 2002) (finding claims that plaintiff was unable to represent himself as a result of injuries from an underlying accident such as "severe headaches and earaches, dizziness, mood swings, confusion and an imbalance problem" does not make plaintiff "incompetent within the meaning of Rule 17(c)").

    The Second Circuit has held that while there is nothing in Rule 17 that prevents a court from considering, *sua sponte*, the appropriateness of appointing a guardian *ad litem* for a litigant whose behavior raises a significant question regarding his or her mental competency, there is

nothing in Rule 17 that creates an obligation on a court to consider the necessity of the appointment of a guardian *ad litem* absent verifiable evidence of mental incapacity. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) ("Neither the language of Rule 17(c) nor the precedent of this court or other circuits imposes upon district judges an obligation to inquire *sua sponte* into a *pro se* plaintiff's mental competence, even when the judge observes behavior that may suggest mental incapacity").

Verifiable evidence of incompetency may consist of "evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent" or "verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Id.* at 201; *see, e.g., Bowen v. Rubin*, 213 F. Supp. 2d 220, 223-24 (E.D.N.Y. 2001) (appointing guardians *ad litem* where plaintiffs submitted declarations from treating psychiatrists); *Blatch v. Franco*, No. 97 CIV. 3918 (DC), 1998 WL 265132, at *9 (S.D.N.Y. May 26, 1998) (appointing guardian *ad litem* where plaintiff's competency had been previously called into doubt in the legal system and Supreme Court had appointed a guardian *ad litem* in a separate proceeding).

Plaintiff raised the prospect of this motion by letter on October 3, 2022 (*see* DE 352). At that time, he was advised by the Court that to the extent he sought the appointment of a guardian *ad litem*, such an application must be made by formal motion. (Electronic Order dated October 4, 2022.) At that juncture, the Court suggested that Plaintiff consult with the Hofstra Pro Se Legal Assistance Clinic[2] of the *Pro Se* Office of the Clerk of the Court as necessary. (*Id.*)

---

[2] The Hofstra Pro Se Legal Assistance Program (also informally referred to as "the Hofstra Law Clinic") is a free service offered by Hofstra University's Maurice A. Deane School of Law, staffed by members of the law school, including an attorney, a law professor, and law students, to assist pro se litigants in cases within the Eastern District of New York. See https://proseprogram.law.hofstra.edu/about/.

Plaintiff then consulted with the clinic in making this motion, and due to his medical condition, his wife Ofra Levin filed the motion. (DE 377 at 2.)

Plaintiff states he does "not have the capacity to adequately prosecute [his] case or defend [his] rights." (DE 377 at 2.) According to Plaintiff, he suffers from advanced stage cancer and his condition "has rapidly and suddenly deteriorated to the point where [he is] incompetent and currently unable to manage the affairs of this case." (*Id*. at 1.) This condition has left him "bedridden and dependent on many medications for the severe chronic pain," and such medications have altered his state of mind and interfered with his proper mental functioning. (*Id*.) Plaintiff is unable to "walk very much, sit at a computer, type, write or read from a computer screen or read any of [his] emails," or "review the court docket." (*Id*.) Additionally, Plaintiff states that he and his wife have spent all of their time in the recent months attending months dealing with his medical situation, and thus, Plaintiff says he was unable to respond to the Court, check his email or review the docket. (*Id*. at 1.)

Plaintiff's motion, however, is unsupported by any evidence. That is, the motion does not include any verifiable documentation to support it, (*see* DE 378 at 1; DE 379 at 1.) Plaintiff's motion contains only his own description of his condition. (DE 377.) Though the Court is sympathetic to Plaintiff's plight as he recounts it, without evidence to establish a need for a guardian *ad litem*, the Court is left with no choice but to deny the application. *See Ferrelli*, 323 F.3d at 202 n. 4 ("[A]bsent actual documentation or testimony by a mental health professional, a court of record, or a relevant public agency, the district court is not required to undertake an inquiry into a pro se litigant's mental capacity.").

Moreover, Plaintiff's letter makes no indication of whether Ofra Levin is an attorney or has hired one for the purposes of this proposed representation, which would be required. *See*

5

*Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (noting that appointed representative must either be an attorney or be represented by one in order to litigate on behalf of the minor or incompetent person).

In sum, Plaintiff's application fails to provide any evidence sufficient to find that appointment of a guardian *ad litem* or "next friend" is necessary, and if so, that appointment of Ofra Levin would be proper. Accordingly, Plaintiff's motion to appoint a guardian *ad litem* is denied without prejudice to renew consistent with the issues identified in this order. Defendants are directed to serve a copy of this Order upon Plaintiff and file proof of service of same.

Dated: Central Islip, New York
November 30, 2022

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge