UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ISAAC LEVIN,

                                     Plaintiff,

          -against-

JOHNSON & JOHNSON, et al.,

                                   Defendants.
-------------------------------------------------------------------X

FILED
CLERK
7/21/2023 12:45 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
16-CV-06631 (JMA) (JMW)

**AZRACK, United States District Judge:**

Before the Court is Defendant Johnson & Johnson's ("J&J") motion to dismiss the complaint of pro se Plaintiff Isaac Levin pursuant to Federal Rule of Civil Procedure 25(a)(1). (ECF No. 387.) For the following reasons, the motion is GRANTED.

## I.    BACKGROUND

Plaintiff commenced this action on November 30, 2016, alleging that Defendants' products caused him to develop a malignant tumor. (ECF No. 1.)

On February 10, 2023, J&J filed a suggestion of Plaintiff's death. (ECF No. 383, the "Suggestion of Death".) That same day, J&J served the Suggestion of Death on Plaintiff's wife, Ofra Levin. (ECF No. 384.) At a Status Conference held on February 16, 2023 before Magistrate Judge James M. Wicks, Mrs. Levin appeared and was advised that a motion to substitute her husband pursuant to Rule 25(a)(1) must be made within 90 days after the Suggestion of Death was filed. (Feb. 16, 2023 Minute Entry, ECF No. 385.)

On May 11, 2023, the 90-day window closed without any motion to substitute. The following day, J&J filed its motion seeking dismissal under Rule 25(a)(1). The Court set a May 31, 2023 deadline for any opposition to J&J's motion. (May 15, 2023 Electronic Order.)

On May 31, 2023, Ofra Levin emailed the chambers of Magistrate Judge Wicks. She stated as follows: "I am grieving the loss of my husband of over 40 years and I am going through many challenges at the moment that I am facing alone. I would like the option to continue this case at a later date on my husband's behalf once I have recovered from the trauma of this devastating situation." Mrs. Levin has not communicated with the Court since then, and J&J's motion is otherwise unopposed.

## II. DISCUSSION

Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." If a motion to substitute "is not made within 90 days after service of a statement noting the death," Rule 25(a)(1) mandates that "the action by or against the decedent must be dismissed." Id. (emphasis added).

As recounted above, J&J served the Suggestion of Death on Mrs. Levin on February 10, 2023. On February 16, 2023, Magistrate Judge Wicks informed her that the deadline to substitute her husband as the plaintiff was 90 days from February 10, 2023. No motion for substitution was made by the May 11, 2023 deadline. Because the 90-day window to file a motion for substitution has long since closed, "the action by . . . the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

Even if the Court were to construe Mrs. Levin's May 31 email as a motion for an extension of time to move to substitute, that motion would be denied. Courts have "long accorded pro se litigants special solicitude to protect them from inadvertent forfeiture of important rights because of their lack of legal training. But solicitude for pro se litigants does not require [the Court] to excuse failure to comply with understandable procedural rules and mandatory deadlines." Whitty v. Cty. of Suffolk, No. 19-CV-611, 2023 WL 1929781, at *2 (E.D.N.Y. Feb. 10, 2023) (quoting Kotler v. Jubert, 986 F.3d 147, 156 (2d Cir. 2021) (internal quotation marks and citations omitted)). J&J filed the Suggestion of Death nearly six months ago, and Mrs. Levin has been

2

aware of the need to substitute her husband as the plaintiff since at least February 16, 2023. Her untimely request for an indefinite "option to continue this case at a later date" cannot be squared with Rule 25(a)(1)'s command that the case "must be dismissed" if the motion to substitute "is not made within 90 days after service of a statement noting the death[.]" (emphasis added).

The Court offers its condolences to Mrs. Levin, but it will not excuse her failure to abide by the mandatory deadline set by Rule 25 and explained to her by Magistrate Judge Wicks.

### III.   CONCLUSION

Accordingly, J&J's motion to dismiss is GRANTED and the case is DISMISSED. The Clerk of Court is respectfully directed to enter judgment accordingly, mail a copy of this Order and the judgment Mrs. Levin, and close this case.

**SO ORDERED.**

Dated:  July 21, 2023
Central Islip, New York

                                      /s/   (JMA)
                                JOAN M. AZRACK
                                UNITED STATES DISTRICT JUDGE